46005. ARTHUR MURRAY, INC. v. SMITH et al.

EBERHARDT, Judge. Dorothea H. Smith entered into certain contracts with Eck-Lan, Inc. for dancing lessons to be given her by its employees under the Arthur Murray system and plan. She took lessons, and after a time the contracts were extended for additional lessons, providing in each instance that she might give notice and withdraw from taking the lessons at any time. Certain payments were made. She now sues George Eck, individually, the corporation Eck-Lan, Inc., and Arthur Murray, Inc., charging that she was fraudulently induced to enter into the contracts, that they were negotiated to a bank, and that she has sought an adjustment of the contracts, which defendants refuse to make. She seeks damages, both actual and punitive. Defendants Eck and Eck-Lan, Inc. answered, denying any fraud, but admitting that plaintiff contracted with Eck-Lan,

Inc. for the dancing lessons, and assert that she has received lessons for all payments made and that the company stands ready to give further lessons under the contract at any time, and that plaintiff has not given notice of intent to withdraw. Eck-Lan counterclaimed for the balance under the contract.

Arthur Murray, Inc. appeared specially and moved under *Code Ann.* § 81A-112 (b) to dismiss as to it for the reasons that (a) it is a foreign corporation, doing no business in this State, and (b) no service has been perfected on it.

As to appellant there is an entry of service by the deputy sheriff: "I have this day served the within suit on damages upon the defendant Arthur Murray, Inc. by handing a copy thereof to George Eck in person, he being Pres. of said business, in charge of its office at the time of service in Savannah, Chatham County, Georgia."

An affidavit of George B. Theiss, President of Arthur Murray, Inc., was submitted, in which he asserted that the corporation was a Delaware corporation, qualified to do business only in Delaware, New York and Florida; that it did not own or lease any property in Georgia, had no bank account in Georgia, or other assets of any kind therein, and had no employees in Georgia. He asserted that George Eck, Jr. had conducted a dance studio in Savannah pursuant to a franchise agreement with Arthur Murray, Inc., but that Eck was not and had never been an agent in any capacity for Arthur Murray, Inc., and that Eck had supplied his own capital in establishing the studio, had hired all people in the operation thereof, and that he operated the studio as his independent business, paying Arthur Murray, Inc. a royalty for the use of its name and method of instruction.

Plaintiff countered with an affidavit that funds which she had paid over to George Eck had been paid over to Arthur Murray, Inc. and that it had received the benefit of Eck's services in operating the dance studio.

The motion was denied and, obtaining a certificate for review, Arthur Murray, Inc. appeals. *Held:*

1. The motion to dismiss must be treated as a motion for summary judgment under *Code Ann.* § 81A-112 (b), since it is sup-

ported by matters aliunde the pleadings.

2. Appellant positively denies that it has been served in this proceeding. There is positive testimony that Eck is not and has never been an agent in any capacity whatever for that company.

That Eck, or Eck-Lan, Inc., may have paid money to Arthur Murray, Inc. did not raise an agency relationship between them. Payment of royalties for the use of its name and method of instruction did not create an agency relationship, or that of a partnership. There was no sharing of *profits*. Royalties are not profits or portions of profits, and are payable whether the franchisee makes a profit or not. A franchise contract under which one operates a type of business on a royalty basis does not create an agency or a partnership relationship.

Plaintiff tendered no evidence of any service, either personal or substituted, under any provision of the statutes providing for service on foreign corporations in this State.

Consequently, as to Arthur Murray, Inc., the court has not acquired jurisdiction to enter any kind of judgment against it. *Callaway v. Douglasville College,* 99 Ga. 623 (25 SE 850); *Keys v. Keys,* 86 Ga. App. 815 (72 SE2d 810) and citations. We do not reach the matter of whether under some provision of law it might lawfully have been served so that the court would have jurisdiction of it, or whether it was engaged in doing business in this State, nor do we consider the merits of the claim.

Its motion was good, and should have been sustained.

*Judgment reversed. Hall, P. J., and Whitman, J., concur.*
ARGUED MARCH 8, 1971—DECIDED JUNE 15, 1971.

*Corish, Smith, Remler & Moore, Albert N. Remler,* for appellant.