## 52023. BUCHANAN et al. v. CANADA DRY CORPORATION et al.

Submitted April 12, 1976 — Decided April 22, 1976 — Rehearing denied May 11, 1976 —

Strother & Weiner, J. Matthew Dwyer, Jr., Fredericks, Jones & Wilbur, Carl Fredericks, for appellants.

Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr., N. Forrest Montet, for appellees.

DEEN, Presiding Judge.

It is not contested that the driver of the truck is the servant of Southeast-Atlantic so that that entity will be liable for torts committed by him within the scope of his employment. Code § 105-108. What is contested is whether the relationship between Southeast-Atlantic and Canada Dry is such that the torts of the driver will subject the latter to liability. This involves a determination of whether Southeast-Atlantic was Canada Dry's "servant" under Code § 105-108 or an "independent contractor" under Code § 105-501.

The appeal is from a summary judgment, holding as a matter of law Canada Dry may not be held liable for the torts of Southeast-Atlantic's servant. "The summary judgment is a vital provision to accomplish its worthy and obvious objective, to avoid frivolous delays in judgment, but it carefully preserved the province of a jury to decide issues of fact." *Ginn v. Morgan,* 225 Ga. 192, 194 (167 SE2d 393). On motion for summary judgment, the movant has the burden of showing the absence of any genuine issue of material fact, and the opposing party is given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442). The movant "has this burden even as to issues upon which the opposing party would have the trial burden. And the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence." *Colonial Stores, Inc. v. Turner,* 117 Ga. App. 331, 333 (160 SE2d 672).

Has Canada Dry carried this burden of showing as a matter of law it is not liable for the torts of Southeast-Atlantic's servant? This means that Canada Dry must prove that Southeast Atlantic was an "independent contractor." The test whether

Southeast-Atlantic is the "servant" or "independent contractor" of Canada Dry is whether Canada Dry had the right to direct the time, manner, methods and means of execution of the work as distinguished from the right to insist upon production of results, or whether Southeast-Atlantic was free from any control as to the time, manner, and method of performance. *Weiss v. King,* 96 Ga. App. 618, 619 (101 SE2d 178). If, on motion for summary judgment, the evidence authorizes an inference that Southeast-Atlantic was subject to Canada Dry's control, the case must go to the jury. *Brown v. Smith & Kelly,* 86 Ga. 274, 277 (12 SE 411). If the evidence authorizes an inference that Southeast-Atlantic was the "mere alter ego" of Canada Dry, the case must go to the jury. *Wood v. Brunswick Pulp &c. Co.,* 119 Ga. App. 880, 882 (169 SE2d 403).

Were the only evidence on the motion for summary judgment on the issue of "control" the contract between Southeast-Atlantic and Canada Dry, we would be compelled to affirm. " 'In determining whether the relationship of the parties under a contract for performance of labor is that of employer and servant or that of employer and independent contractor, the chief test lies in whether the contract gives, or the employer assumes, the right to control the time, manner and method of executing the work as distinguished from the right merely to require certain definite results in conformity to the contract.' *Hotel Storage, Inc. v. Fesler,* 120 Ga. App. 672, 674 (172 SE2d 174, 41 ALR3d 1049)." *Jordan v. Townsend,* 128 Ga. App. 583, 584 (197 SE2d 482). The need for controls over the use of a trade name, in a franchise agreement authorizing such use, has generally been recognized. See, e. g., Denison Mattress Factory v. Spring-Air Co., 308 F2d 403, 409; Dawn-Donut Co. v. Hart's Food Stores, Inc., 267 F2d 358; E. I. DuPont De Nemours & Co. v. Celanese Corp., 167 F2d 484; Morse-Starrett Prods. Co. v. Steccone, 86 FSupp. 796. And in Georgia it has been held that a franchise contract under which one operates a type of business on a royalty basis does not create an agency relationship. *Arthur Murray, Inc. v. Smith,* 124 Ga. App. 51 (183 SE2d 66).

Likewise, we would affirm if the appellants had

relied solely on their bare assertions of agency in the face of the appellee's affidavit denying the existence of such a relationship between it and Southeast-Atlantic. *Salters v. Pugmire Lincoln-Mercury, Inc.,* 124 Ga. App. 414 (184 SE2d 56).

The evidence however is not limited to the contract or the appellee's affidavit. The record reveals the following: The truck carried numerous Canada Dry insignias and no Southeast-Atlantic markings; the driver's uniform displayed only a Canada Dry insignia; there is no listing in the Atlanta telephone directory for Southeast-Atlantic but there is one for Canada Dry showing a local address which is the location of Southeast-Atlantic and that number is answered "Canada Dry"; two prominent signs on Southeast-Atlantic's building read "Canada Dry" and only a small sign on the door indicates "Southeast-Atlantic." In order for Canada Dry to escape liability for the negligence of Southeast-Atlantic's servant, it must demonstrate that Southeast-Atlantic exercised an "independent business" and was not its alter ego. The term "independent business" must necessarily be taken to mean a business or employment separate and independent from the business of the employer. *Yearwood v. Peabody,* 45 Ga. App. 451 (1) (164 SE 901). While none of the factors, discussed supra, alone may demonstrate that Southeast-Atlantic was Canada Dry's alter ego, construing the evidence as we must on summary judgment, we believe them collectively to overcome the appellee's motion; there remains as a genuine question of fact whether Southeast-Atlantic was Canada Dry's alter ego. *Wood v. Brunswick Pulp &c. Co.,* 119 Ga. App. 880, supra. It does not appear from the record whether these factors were the result of Canada Dry's "control" over Southeast-Atlantic or from an excess of zeal by the latter; since the appellee bears the burden of proving that Southeast-Atlantic was not its "alter ego" the judgment is reversed.

*Judgment reversed. Quillian and Webb, JJ., concur.*