55332. WASHINGTON ROAD PROPERTIES, INC. v. HOME INSURANCE COMPANY et al.

BIRDSONG, Judge.

Home Insurance Co. (Home) filed a complaint for declaratory judgment against its insured, Washington Road Properties (Washington), and others, alleging that Washington's failure to comply with a notice condition in an insurance contract between the two terminated coverage of said contract, as to a particular incident. From the grant of summary judgment in favor of Home, Washington appeals. *Held:*

1. The essential facts are not in dispute. Washington, the owner of a Ramada Inn Motel, entered into a management agreement with Ramada Inns, Inc., employing same to provide management services in connection with the operation and management of the motel and related facilities. The terms of the agreement stipulated, inter alia:

"V. Management

"5.1. Owner hereby appoints and employs Ramada

and grants to Ramada the sole and exclusive right, and Ramada hereby agrees during the term of this Agreement to supervise, direct and control the management and operation of the Hotel upon the terms and conditions set forth in this Agreement. In connection with such supervision, direction and management, Ramada shall perform the following services at Owner's expense:

"A. The selection, employment, termination of employment, supervision, direction, training and assigning of the duties of all employees of Owner engaged in the operation of the Hotel, including a General Manager. The selection, terms of employment and termination thereof, including rates of compensation, and the supervision, direction, training and assignment of duties of all such employees shall be the duty and responsibility of and shall be determined or controlled solely by Ramada, but all salaries and wages of such employees shall be paid by owner, and such employees shall be the employees and agents of Owner and not of Ramada. It is expressly understood and agreed that all such personnel, including the General Manager, are in the sole employ of Owner and are not in the employ of Ramada. Ramada is in no way liable to said personnel for their wages or compensation or any taxes attributable thereto, nor to the Owner or others for any action or omission on the part of such personnel . . . owner shall not interfere with or give orders or instructions to any personnel employed on the Hotel premises."

As required by a different section of the management services contract, Washington procured and paid for general liability insurance coverage. As a condition precedent to this coverage, the policy, issued by Home, stipulated the following: "In the event of an occurrence, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to [Home] or any of its authorized agents as soon as practicable. . ."

While the management and insurance contracts were operative, a guest at the hotel (one Tidwell) informed

the night clerk (one Trautman) that he had injured himself. Although Trautman related the incident to his immediate supervisor (one Wellington), Washington was not so informed. Both Trautman and Wellington were controlled exclusively by Ramada Inns, Inc. Washington first learned of the incident some nine months later, when an attorney for Tidwell communicated to Washington an intention to seek damages for an injury allegedly sustained by Tidwell as a result of the hotel incident. Washington promptly reported the incident to Home, which in turn sought declaratory judgment alleging that it was not timely notified and therefore relieved of the duty to defend Washington against suit by Tidwell.

2. We are not unmindful of the artful phrasing of the contract purporting to confer upon the management staff "employee" or "agency" status, or the duty of the court to uphold clear contract language, or the right of parties to contract away their rights. However, the effect of mere terminology in a contract between Washington and Ramada Inns, Inc., would not accrue to the benefit of Home Insurance Corp., not a party to the contract and bereft of beneficiary status. Code Ann. § 3-108; *Lee v. Petty,* 133 Ga. App. 201 (210 SE2d 383). Moreover, mere labels are not necessarily determinative of legal relationships, even as between parties to the contract. *Buchanan v. Canada Dry Corp.,* 138 Ga. App. 588 (226 SE2d 613).

The evidence shows clearly that Ramada Inns, Inc. enjoyed exclusive supervision, direction, and control of Trautman and Wellington, the classic elements of the employer - employee relationship. See *Savannah Elec. &c. Co. v. Edenfield,* 118 Ga. App 531 (164 SE2d 366). Thus, although Home is correct in its contention that Washington's failure to satisfy a contractual condition precedent would relieve it of the contractual duty to defend against suit by Tidwell, Code Ann. § 20-110, the trial court erred in determining that either Trautman or Wellington, both of whom were controlled exclusively by Ramada Inns, Inc., were, as to Home, agents or employees of Washington. Accordingly, the trial court erred in finding that knowledge on the part of either Trautman or Wellington was imputable to Washington solely by virtue of an agency relationship, that Washington had therefore

failed to notify Home of the Tidwell incident "as soon as practicable," and in concluding that Home Insurance Corp. was absolved of its duty to defend Washington against suit by Tidwell.

3. As the evidence conclusively rebuts Home's allegation that Washington failed to satisfy a condition precedent, the trial court erred in failing to grant summary judgment to Washington. The judgment of the trial court is therefore reversed with direction that judgment be entered for Washington Road Properties, Inc.

*Judgment reversed with direction. Bell, C. J., and Shulman, J., concur.*

ARGUED JANUARY 31, 1978 — DECIDED APRIL 10, 1978 — REHEARING DENIED APRIL 28, 1978.

*McGahee, Plunkett, Benning, Fletcher & Harley, Leonard O. Fletcher, Jr., C. Thompson Harley,* for appellant.

*Fulcher, Hagler, Harper & Reed, William C. Reed, Allgood, Childs & Brown, T. Allen Childs, Jr., Leiden & Butler, Daniel L. Butler, Knox & Zacks, Wyck A. Knox, Jr., Hull, Towill, Norman, Barrett & Johnson, Patrick J. Rice, Jay M. Sawilowsky, Burnside, Dye, Miller & Bowen, A. Rowland Dye,* for appellees.