### 59224. WHITCO PRODUCE COMPANY, INC. v. BONANZA INTERNATIONAL, INC.

BIRDSONG, Judge.

Suit on open account. The facts show that the appellant Whitco Produce Co. was a distributor of fresh produce to various restaurant businesses. Commencing in 1971, Whitco started produce deliveries to Bonanza International. Whitco's bookkeeper billed Bonanza at its home office in Texas for all those deliveries. From then (1971) until sometime in 1977 Whitco made such deliveries to the Bonanza Restaurants located in Dalton, Calhoun, and Cartersville. All billings were made to Texas and paid by Bonanza, International. In July, 1977, Bonanza International franchised the Calhoun and Cartersville restaurants to the defendant Biftec of Georgia. There is uncontroverted evidence that Biftec was an independent operator, completely responsible for its own operating expenses. Its sole obligation to Bonanza was to protect the trade name and pay a percentage of royalties from business proceeds for the right to use the Bonanza name. There was evidence that it was common practice for Bonanza to notify creditors of a change in a store from a company-owned operation to a franchised operation, but there was no evidence of such formal notification by letter to Whitco from Bonanza. It was established, however, by the president of Whitco that there was a change in the billing and payment procedures between Whitco and the Calhoun and Cartersville restaurants. The invoices were sent directly to the stores in Calhoun and Cartersville and payments apparently were made out of Rome. There was evidence that Whitco's bookkeeper was given some form of notification that invoices were no longer to be sent to Texas but were to be sent locally. This arrangement apparently continued for approximately a year. It also appears that after July, 1977, the billings were made to Biftec of Georgia and all payments promptly made by the franchisee, Biftec. It further appears that Biftec became financially insolvent and defaulted on its payments in June, 1978. During the months of June and July, 1978, Whitco delivered produce of a value of $12,688 to the Calhoun

and Cartersville restaurants. Demand was made upon both Biftec and Bonanza. When those demands were not met, Whitco brought the present suit naming both Bonanza and Biftec as defendants. Biftec did not answer. Following the presentation of evidence by both Bonanza and Whitco to a jury, the trial court directed a verdict for Bonanza. Whitco brings this appeal enumerating as error the grant of the directed verdict. Whitco argues that there were contested issues of fact as to estoppel, that Bonanza was the alter ego of Biftec, and that Bonanza had never notified Whitco of the change in the business egos. *Held:*

We affirm. The general rule is that a franchise contract under which one operates a type of business on a royalty basis does not create an agency or a partnership relationship. *Arthur Murray, Inc. v. Smith,* 124 Ga. App. 51, 53 (183 SE2d 66). Thus in order to impose liability on the franchisor for the debts of the franchisee, it must be shown that: (a) the franchisor has by some act or conduct obligated itself to pay the debts of the franchisee (*Folsom v. Miller,* 102 Ga. App. 232 (116 SE2d 1)); or (b) the franchisee is not a franchisee in fact but a mere agent or "alter ego" of the franchisor. *Buchanan v. Canada Dry Corp.,* 138 Ga. App. 588 (226 SE2d 613). In this case there was absolutely no evidence that Bonanza made any representations to any person working for Whitco that it (Bonanza) would be liable for Biftec's obligations or was in any way related to Biftec's operations. At best there was evidence that the appearance and names on the two restaurants remained the same. The testimony of the vice president for operations of Bonanza, together with the franchise agreement entered into evidence, established that Biftec was not an agent or alter ego of Bonanza. Thus all that appeared to the trial court was that Biftec was a royalty franchisee of Bonanza. Moreover, where questions of agency arise, the denial of the relationship is a statement of fact when made by a party to the alleged relationship. *Salters v. Pugmire Lincoln-Mercury,* 124 Ga. App. 414 (184 SE2d 56).

In regard to appellant's argument that Bonanza should be estopped to deny the indebtedness because Bonanza did not establish affirmatively it had notified Whitco of the change in business ownership, we are constrained to apply against Whitco its own lack of reasonable diligence. The party who claims the benefit of estoppel must not only have been free from fraud in the transaction, but must have acted in good faith and reasonable diligence; otherwise no equity will arise in his favor. *Johnson v. Ellis,* 172 Ga. 435 (158 SE 39). In this case the evidence shows that Bonanza is not alleged to have made any affirmative

representations that it would stand behind its franchisee. In fact the evidence is to the direct opposite. Yet there is evidence that Whitco was aware that there had been a change in the billing procedures, payment was coming from a different source, and that some change in accountability had occurred. At no time however, did Whitco make any effort to determine what this change might have been, or the financial responsibility or accountability of the new source of payment; nor apparently did Whitco make any other inquiry. Only after the bills became delinquent did Whitco become alarmed. We conclude that an estoppel did not arise in this case because both parties had equal means of obtaining knowledge of the facts alleged to constitute an estoppel. *Yancey v. Harris,* 234 Ga. 320 (216 SE2d 83).

In the remaining enumerations of error, Whitco complains of a variety of rulings which are claimed to be harmful error. None of these enumerations warrants discussion. Suffice it to say that each of them has been considered and found to be without merit. *Lindsey v. Guhl,* 237 Ga. 567, 575 (229 SE2d 354).

In order for the direction of a verdict to be error, it must appear that there was some evidence, together with all reasonable deductions and inferences from it, to support the contentions of the appellant. *White v. Woods,* 135 Ga. App. 618 (218 SE2d 322). Under the circumstances of the case, we have no hesitancy in concluding that no contested issues of fact remained for a jury's consideration. Under such circumstances, the trial court does not err in granting a directed verdict. See *Sunset Villa v. Mothner-Simowitz Ins. Agency,* 135 Ga. App. 706 (218 SE2d 463).

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED JANUARY 11, 1980 — DECIDED MARCH 5, 1980 —
REHEARING DENIED MARCH 20, 1980 —

*W. Jason Uchitel,* for appellant.
*Stanley E. Kreimer, Jr., F. Carlton King, Jr., John G. Parker,* for appellee.