### 60815. HOLIDAY INNS, INC. v. NEWTON et al.

SOGNIER, Judge.

Larry Newton (appellee) sued Holiday Inns, Inc. (appellant), Barrett Properties, a franchisee of Holiday Inns, Inc., and James Irwin Stanley for injuries suffered when he was assaulted by Stanley outside the Shangri-La Lounge operated in conjunction with the Holiday Inn Motel of Augusta.

Appellant's motion for summary judgment was denied. We reverse.

Appellee alleged that appellant owned, occupied, operated and maintained the Shangri-La Lounge and that appellant, its agents, servants and employees were negligent in failing to exercise ordinary care in keeping the premises safe for appellee.

To prevail on a motion for summary judgment (Code Ann. § 81A-156), a defendant-movant is required to pierce the allegations of the complaint and to establish as a matter of law that the plaintiff could not recover under any theory fairly drawn from the pleadings and the evidence. *Werbin & Tenenbaum v. Heard,* 121 Ga. App. 147 (2) (173 SE2d 114) (1970); *Scheer v. Cliatt,* 133 Ga. App. 702, 703 (212 SE2d 29) (1975); *Farris v. Sneed,* 144 Ga. App. 488 (241 SE2d 605) (1978). Once he pierces the pleading of plaintiff and shows the court that one essential element, under any theory, is lacking and incapable of proof, the defendant-movant is entitled to summary judgment as a matter of law, irrespective of any issues of fact with regard to other essential elements. *Waldrep v. Goodwin,* 230 Ga. 1, 2 (195 SE2d 432) (1973); *Farris v. Sneed,* supra.

Appellant presented unrebutted evidence to establish that it was not an owner or in control of the premises and that it had no control of the owner-operator of the premises or any of its agents or employees. Appellee offered no evidence of an agency, and relied on its pleadings.

The franchise agreement between appellant and Barrett Properties, Inc., owner of Shangri-La Lounge and Holiday Inn motel, created no agency relationship between them. The franchise gave no control, or right to control, the methods or details of doing the work of the franchisee. *Manis v. Gulf Oil Corp.,* 124 Ga. App. 638, 639 (185 SE2d 589) (1971). The Supreme Court of Virginia has so held in a case

involving a licensing agreement exactly like the one here. Murphy v. Holiday Inns, Inc., 216 Va. 490 (219 SE2d 874) (1975). The franchise gave appellant no control over the premises or the employees.

This court and the United States District Court have been in accord in their treatment of similar licensing agreements in this state. Harwell v. Sheraton Gardens Inn, No. C-75-1058A (D. Ga., July 29, 1977); *Arthur Murray, Inc. v. Smith,* 124 Ga. App. 51 (183 SE2d 66) (1971); *Buchanan v. Canada Dry Corp.,* 138 Ga. App. 588 (226 SE2d 613) (1976).

Appellee contends that appellant was an "occupier" of the premises within the meaning of Code Ann. § 105-401. However, in *Daniel v. Ga. Power Co.,* 146 Ga. App. 596 (247 SE2d 139) (1978), we held that no liability attached even though the defendant owned the property, when exclusive, actual control and operation of the premises was exercised by another party, and the plaintiff failed to establish a breach of any duty owed by Georgia Power attributable to its occupation, actual control of, or operations on the property. In the instant case, appellant did not own the property and exercised no control over operation of the premises under the license agreement.

The incident on which suit is based is alleged to have occurred on May 27-28, 1975. James T. Wilson was appointed receiver of the property in question by the referee in bankruptcy in the United States District Court for the Southern District of Georgia on March 12, 1973, and was operating the Shangri-La and Holiday Inn of Augusta as receiver on May 27-28, 1975. A receiver is an officer of the court and is not an agent or subject to the control of appellant. *Erikson v. Hewlett,* 212 Ga. 423 (93 SE2d 563) (1956); *Tindall v. Nisbet,* 113 Ga. 1114 (39 SE 450) (1901); *Anthony v. Anthony,* 237 Ga. 872 (230 SE2d 752) (1976). Hence, the actions of the receiver in his operation of the property could not be imputed to appellant.

Finally, appellee has not alleged or established that appellant had any knowledge of "arrogant and quarrelsome" actions by Stanley. Knowledge by the owner or "occupier" or his employee of the dangerous condition created by a third person is a prerequisite to recovery under Code Ann. § 105-401. *Scheer v. Cliatt,* supra at 704; *Bowling v. Janmar, Inc.,* 142 Ga. App. 53, 54 (234 SE2d 849) (1977); *Shockley v. Zayre of Atlanta,* 118 Ga. App. 672 (165 SE2d 179) (1968).

In the absence of any other allegation or evidence to support a theory of recovery against appellant, we conclude that appellant pierced the allegations of the complaint and established, as a matter of law, that plaintiff could not recover under any theory fairly drawn from the pleadings and the evidence.

Accordingly, it was error to deny appellant's motion for summary judgment.

438

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 10, 1981.

*A. Montague Miller, Thomas W. Tucker,* for appellant.
*Jay M. Sawilowsky, Travers W. Paine III, Sam B. Sibley, Jr., William R. McCrackin, William C. Reed,* for appellees.