## 72438. McMULLAN v. GEORGIA GIRL FASHIONS, INC. et al.
(348 SE2d 748)

BIRDSONG, Presiding Judge.

This is an appeal from summary judgment granted to Georgia Girl Fashions, Inc. against the plaintiff, Melanie McMullan, in an action for false imprisonment and other damages in which McMullan alleged she entered the Georgia Girl clothing store on South Cobb

Drive in Smyrna for the purpose of exchanging a blouse she had previously purchased at that store. She found nothing for which she desired to exchange the blouse and attempted to leave the store. She was physically restrained and accused of shoplifting the blouse. McMullan was taken to the local jail and held several hours until her claim could be verified that she had purchased the blouse at that store at an earlier date and taken the merchandise back to exchange it. The store dropped the charges and plaintiff was released. This action was filed against Georgia Girl, the manager of the store, the store in its corporate name, and other individuals involved in the physical restraint of plaintiff's person. A motion was filed to drop Georgia Girl Fashions, Inc. as a party defendant on the basis that it was only a franchisor and the store and its manager was a franchisee, an independent contractor, and that Georgia Girl should not be held liable for the acts of the franchisee and its employees. Affidavits and depositions were filed and the trial court granted summary judgment to Georgia Girl on the basis that it had considered matters outside the pleadings. McMullan brings this appeal. *Held*:

1. Defendant's motion to dismiss a party is normally appealable only as an interlocutory appeal (*Guthrie v. Monumental Properties*, 141 Ga. App. 25 (232 SE2d 372)), but this is a grant of a motion for summary judgment which is directly appealable under OCGA § 9-11-56 (h).

2. Although plaintiff enumerates five separate errors, her argument division contains no separate paragraphs relating to each enumeration as required by our rules. See Rule 15 (c) (1). Accordingly, we shall consider the enumerations en masse, as treated by plaintiff. Any enumeration not so treated in this opinion is deemed abandoned by appellant. *Waller v. Scheer*, 175 Ga. App. 1, 6 (7) (332 SE2d 293).

The overriding issue presented by all enumerations is whether the agreement between the franchisor, Georgia Girl Fashions, and the franchisee, Harvey and Phyllis Leff, established a franchise or a principal-agent relationship. Georgia Girl argues that the contract established a franchisor-franchisee relationship and McMullan alleges the contract set forth an agency agreement because it "reserves control by the franchisor, Georgia Girl Fashions, Inc., over the time, manner, method and means of operation of the store owned and managed by Harvey L. Leff sufficient to subject the franchisor to liability for the tortious acts of its franchisee."

Where the question of agency vel non rests upon a written document and inferences deduced therefrom, as in the instant case, the issue presented is a question of law for the trial court since construction of written contracts is exclusively for the judge. OCGA § 13-2-1; *American Cyanamid Co. v. Ring*, 248 Ga. 673, 674 (286 SE2d 1). However, the fact that a contract is labeled a franchise agreement is

not necessarily controlling for we may look to the contents to determine the character of the relationship created. *Washington Road Properties v. Home Ins. Co.*, 145 Ga. App. 782, 784 (245 SE2d 15). Hence, a "franchise agreement" does not ipso facto insulate a franchisor if the contract's contents establish an agency relationship. If the agreement established an agency between the franchisor and franchisee, then under the legal principle of respondeat superior acts of the franchisee, or its employees, acting within the scope of actual or apparent authority could render a franchisor responsible. Thus, a franchisor is faced with the problem of exercising sufficient control over a franchisee to protect the franchisor's national identity and professional reputation, while at the same time foregoing such a degree of control that would make it vicariously liable for the acts of the franchisee and its employees. See generally Annot. 81 ALR3d 764.

Under Georgia law "[t]he relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf." OCGA § 10-6-1. The historical test applied by Georgia courts has been "whether the contract gives, or the employer assumes, the right to control the time and manner of executing the work, as distinguished from the right merely to require results in conformity to the contract." (Emphasis deleted.) *Greenbaum v. Brooks*, 110 Ga. App. 661, 664 (139 SE2d 432); accord *Buchanan v. Canada Dry Corp.*, 138 Ga. App. 588, 591 (226 SE2d 613); *Warner v. Arnold*, 133 Ga. App. 174, 176 (210 SE2d 350).

This court has considered other franchise agreements and found they did not create an agency relationship. See *Holiday Inns v. Newton*, 157 Ga. App. 436, 437 (278 SE2d 85); *Whitco Produce Co. v. Bonanza Intl.*, 154 Ga. App. 92, 93 (267 SE2d 627); *Arthur Murray, Inc. v. Smith*, 124 Ga. App. 51, 53 (183 SE2d 66). In the instant case, the trial court found such indicia of agency missing from the franchise agreement, and we concur in that finding.

3. Contrary to assertions of the appellant in the brief that the trial court erred "in determining that the franchise agreement . . . contained *no* exercise of the franchisor of control over some aspect of *time, manner, means or method* of operation of the franchisee's business . . ." and "in holding that *as a matter of law*, Georgia Girl Fashions, Inc. exercised *no* control over the store in question and, therefore, *as a matter of law*, no agency relationship existed between . . . Georgia Girl Fashions, Inc. and Harvey L. Leff . . . ," we can find no such statements in the record and examination of the pages of the record cited by plaintiff reveals no such statements. These allegations will not be addressed.

4. The trial court did not err in granting summary judgment to Georgia Girl Fashions. *Holiday Inns*, supra; *Piggly Wiggly Southern*

*v. Hercules*, 151 Ga. App. 238, 240 (259 SE2d 219).
   *Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 5, 1986.

*William F. Woods*, for appellant.
   *Lawrence J. Hogan, Stephen L. Cotter, Lynn A. Downey, Jonathan M. Engram*, for appellees.

