A89A2250. MANN ELECTRIC COMPANY v. WEBCO
SOUTHERN CORPORATION.
(390 SE2d 905)

SOGNIER, Judge.

After Seymour Service Company, Inc. brought suit against Mann Electric Company to recover sums allegedly owed for work performed under a construction contract, Mann Electric filed a third-party complaint against Webco Southern Corporation and Tim Worley individually and d/b/a Concept Construction. Mann Electric appeals from the grant of Webco's motion to dismiss.

In October 1987, Petro Village Partnership, of which appellee was the managing general partner, as owner, and Tim Worley d/b/a Concept Construction (hereinafter "Concept"), as general contractor, entered into general contracts whereby Concept agreed to build two gas station emporiums known as the "Lawrenceville project" and the "Pleasantdale project." Concept then subcontracted the electrical work for the projects to appellant, which in turn signed a sub-subcontract with Seymour for a portion of the work required under the subcontract with Concept. Appellant's president, Noyle Mann, attended a March 31, 1988 meeting held by Concept and appellee to discuss Concept's pending pay request, and indicated that because of Concept's failure to pay appellant on a timely basis for work performed under the subcontract, including its failure to pay approximately $18,000 currently outstanding on the Lawrenceville project, appellant was reluctant to continue working on the projects without adequate assurance of payment. Gary Carmical, appellee's project manager, testified by deposition that in order to convince appellant to complete the work and to ensure that appellee received lien waivers from appellant, he agreed to execute checks payable jointly to appellant and Concept for money owed to Concept under the general contract for work performed by appellant. Carmical confirmed this agreement by a letter in which he stated that "[appellee] and Petro Village Partnership agree to pay all sums of money agreed due and payable to [ap-

pellant] on the [Pleasantdale and Lawrenceville] properties jointly to [appellant] and Concept Construction." Noyle Mann testified by affidavit that appellant completed its work for both projects in reliance on this commitment by appellee, but has not been compensated for that work. The record reveals that on April 8, 1988 appellee issued a joint check to appellant and Concept for $18,700 owed to appellant on the Pleasantdale project, and that Concept endorsed the check and signed a lien waiver. The evidence is in dispute as to whether appellant refused to execute a lien waiver or whether the check was never tendered to appellant, but the record clearly establishes that the check was never endorsed or cashed by appellant. Appellee subsequently issued a check for $56,335 jointly to appellant and Concept for the Lawrenceville project, but the check was not released because Concept refused to sign a lien waiver.

After Seymour failed to receive payment from appellant for these projects, it filed suit on the sub-subcontract. Appellant then filed its third-party complaint against appellee and Concept, and the trial court dismissed the claim against appellee on the basis that no enforceable contract existed between it and appellant.

1. Although the grant of a motion to dismiss one of several defendants to a lawsuit is appealable only as an interlocutory appeal under OCGA § 5-6-34 (b), *McMullan v. Ga. Girl Fashions*, 180 Ga. App. 228, 229 (1) (348 SE2d 748) (1986), here the trial court considered affidavits and depositions outside the pleadings and thus appellee's motion to dismiss was required to be converted to a motion for summary judgment, OCGA § 9-11-12 (b), the grant of which is directly appealable pursuant to OCGA § 9-11-56 (h). *McMullan*, supra. Consequently, we have jurisdiction to entertain this appeal.

2. Appellant contends the trial court's ruling was erroneous because the Carmical letter constituted a novation of the original subcontract between appellant and Concept. We disagree. "The mere assumption of a debt by a third party is not sufficient to establish novation, but it is essential that an intention to release the first obligor and extinguish his liability should definitely appear; otherwise the assumption of debt by a third party will be presumed to be merely additional security." (Citations and punctuation omitted.) *Cowart v. Smith*, 78 Ga. App. 194, 198 (50 SE2d 863) (1948). Here, the record is devoid of any evidence that Concept was released from its obligations under the subcontract with appellee or that its liability thereunder was extinguished. Indeed, appellant has alleged that appellee and Concept are jointly liable to appellant. Thus, no novation occurred.

However, we do find that the evidence raised a fact question as to whether a separate contract, a joint payment agreement, was created whereby appellee agreed to make payment jointly to appellant and Concept of the sums owed Concept under the general contract for

work performed by appellant in exchange for appellant's promise to complete the electrical work for the projects. See generally OCGA § 13-3-1; *Wise &c. Assoc. v. Rosser White &c. Inc.*, 146 Ga. App. 789, 792 (2) (247 SE2d 479) (1978). Although the trial court held there was no consideration for the joint payment agreement because an agreement to perform what one is already legally obligated to do is not sufficient consideration for the promise of another (see *Hiers-Wright &c. v. Manufacturers Hanover &c.*, 182 Ga. App. 732, 734 (356 SE2d 903) (1987)), we agree with appellant that forbearance can constitute adequate consideration for a contract. See OCGA § 13-3-42 (a), (c) (2). " 'Any benefit accruing to him who makes the promise, or any loss, trouble, or disadvantage undergone by, or charge imposed upon, him to whom it is made, is sufficient consideration . . . to sustain [a contract]. . . . *Damage* or *trouble* to the promisee, as well as *benefit* to the promisor, is a sufficient consideration to support a promise.' [Cits.]" *Zachos v. C & S Nat. Bank*, 213 Ga. 619, 624 (100 SE2d 418) (1957). Here, if Concept was in material breach of the subcontract so as to excuse appellant from further performance, appellant had the option of either rescinding or suing for breach of the subcontract, see *Western Contracting Corp. v. State Hwy. Dept.*, 125 Ga. App. 376, 384 (187 SE2d 690) (1972), and thus consideration may have existed in the form of appellant's forbearance to exercise its remedies and election to complete performance in reliance upon appellee's promise of joint payment. See *Trust Co. of Columbus v. Rhodes*, 144 Ga. App. 816, 818 (242 SE2d 738) (1978). As this is a question of fact, we hold the trial court erred by granting summary judgment to appellee.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 15, 1990.

*Alan I. Seitman*, for appellant.

*James A. Robbins, Jr., Thrasher & Whitley, Robert E. Whitley, L. Matt Wilson, John C. McManus*, for appellees.