A91A0427. CALLICOTT v. REEVES & WAGNER CONSTRUCTION COMPANY, INC.
(405 SE2d 116)

McMURRAY, Presiding Judge.

This is a suit on a note. Defendant Callicott answered denying the allegations of the complaint filed by plaintiff Reeves & Wagner Construction Company, Inc. Plaintiff moved for summary judgment with a supporting affidavit establishing a prima facie case. Shortly before a hearing on plaintiff's motion for summary judgment, defendant amended his answer so as to deny any consideration to defendant for the alleged indebtedness. Defendant appeals the grant of plaintiff's motion for summary judgment. *Held*:

The note in question recites that it was given in lieu of a lien being filed and for payment of work performed by plaintiff for North Atlanta Homes, Inc. Defendant signed the note twice, first as president of North Atlanta Homes, Inc., and again individually.

"A person who lends his name to another party to a negotiable instrument in any capacity is an 'accommodation party.' [OCGA § 11-3-415.] He is an accommodation party regardless of whether he received any compensation for so acting or did so gratuitously, and he cannot legally assert lack of consideration for his accommodation since the value received by the principal debtor is the consideration for which the accommodation party bargained. [Cits.]" *Motz v. Landmark First Nat. Bank &c.*, 154 Ga. App. 858, 859 (1) (270 SE2d 81). See also *Lewis v. C & S Nat. Bank*, 139 Ga. App. 855, 857 (1a) (229 SE2d 765). Contrary to defendant's contention, we do not view *Mann Elec. Co. v. Webco Southern Corp.*, 194 Ga. App. 541 (390 SE2d 905), to be relevant to the case sub judice.

Plaintiff has requested this Court to assess ten percent damages against defendant for frivolous appeal pursuant to OCGA § 5-6-6. Plaintiff's motion to assess damages is denied.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED APRIL 1, 1991.

*Goldstein & Redic, James A. Goldstein, Patrick R. Matarrese,* for appellant.
*Fred J. Hanna,* for appellee.