A92A0649. PATTON et al. v. CFH INVESTMENTS et al.
(419 SE2d 104)

MCMURRAY, Presiding Judge.

CFH Investments, Lennard Carlson, Marion C. Keller, Mary W. Keller, Roger C. Rath & Associates, M.D., P.A., Roger Stedronsky, Jean Jun and Channing S. Jun, M.D. (plaintiffs) filed an action against E. Earl Patton, Jr., Thomas E. Patton and Richard M. Patton (defendants), seeking recovery on a $320,000 promissory note executed by defendants and Atlantic-Pacific Restaurant Management, Inc. ("APRM"). Defendants denied the material allegations of the complaint and the parties subsequently filed opposing motions for summary judgment.

On August 27, 1984, defendants and APRM entered into a Management and Development Agreement ("the Agreement") with Lite Food Partners I ("the Partnership") for long-term development and operation of restaurants under a franchise conferred upon defendants by D'Lites Corporation of America ("D'Lites"). The Agreement reflects APRM's promise to develop and operate the restaurants in exchange for the Partnership's promise to pay monthly management fees and provide primary capital support, including funding of "Oper-

ating Budgets" for the restaurants. The Agreement also reveals APRM's promise to purchase the restaurants from the Partnership on January 3, 1990, for an amount referred to in the Agreement as "the 'Buyout Amount.'" The Agreement further provides as follows: "*Working Capital Loans.* APRM and [defendants] agree to make available to the Partnership up to $320,000 in loans in the event of a working capital shortfall during the [executory] period [of the Agreement]. This undertaking by APRM and [defendants] will be evidenced by their execution on the date hereof of a demand note in substantially the form and with the terms of the note that appears as *Exhibit F* hereto (the 'Demand Note'). All amounts advanced to the Partnership pursuant to the Demand Note shall bear interest at a rate that corresponds to the cost of those funds to the lending parties, and any amounts advanced under the Demand Note that are unpaid at January 3, 1990, together with any unpaid interest thereon shall be applied in reduction of the principal of the Buyout Amount."

On August 27, 1984, APRM and defendants executed a "Demand Note" in favor of the Partnership in the principal amount of $320,000.

On November 22, 1985, the Partnership, APRM and defendants executed another agreement which provides, in pertinent part, as follows: "The Partnership shall credit to APRM and [defendants], against that certain $320,000.00 demand note dated August 27, 1984, . . . an amount equal to certain unreimbursed costs and expenses incurred by [defendants] and APRM for management, operation and maintenance of the two D'Lites restaurants located in Augusta, Richmond County, Georgia, including those general and administrative expenses previously approved by the Partnership as part of the general administrative budget."

During 1986, the Partnership unilaterally terminated its relationship with defendants, turned management of the restaurants over to D'Lites and sold the restaurants to third parties. The $320,000 "Demand Note" was subsequently assigned to plaintiffs with an endorsement warning plaintiffs that "the makers of the demand promissory note assert defenses to liability under the note and further assert that they have no obligation or liability under the note."

The trial court denied defendants' motion for summary judgment and granted plaintiffs' motion for summary judgment, awarding plaintiffs $413,117.23. This appeal followed. *Held:*

1. Defendants contend the trial court erred in denying their motion for summary judgment, arguing that consideration for the "Demand Note" failed when plaintiffs unilaterally terminated the Agreement and sold the restaurants to third parties. Plaintiffs contend consideration for the "Demand Note" was complete upon execution of the Agreement and argue that the "Demand Note" evidences an

unconditional equity contribution in the amount of $320,000.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. See, e.g., *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

In the case sub judice, it is undisputed that the parties modified the Agreement on November 22, 1985, allowing defendants credit against the "Demand Note" for unreimbursed costs and expenses incurred by defendants and APRM for management, operation and maintenance of two restaurants in Augusta, Georgia. Further, defendant E. Earl Patton, Jr., deposed that the amount of unreimbursed costs and expenses incurred for management, operation and maintenance of the Augusta restaurants, "including those general and administrative expenses previously approved by [the Partnership] as part of the general administrative budget, is in excess of the $320,000 principal plus interest amount Plaintiffs contend is due under the [Demand] Note." However, plaintiffs offer no evidence contradicting this affidavit. Instead, they rely on an affidavit which "does not include any calculation of the obligations represented by the Demand Note" and a 1985 audit of the Partnership's financial statements which does not mention defendants' alleged obligation under the "Demand Note."[1] Consequently, even assuming the "Demand Note" evidences an unconditional equity contribution, defendants have carried their burden on motion for summary judgment by presenting uncontradicted evidence that their obligation under the "Demand Note" has been satisfied. The trial court erred in denying defendants' motion for summary judgment.

---

[1] The November 22, 1985, agreement provides that "[t]he final amount of credit to be applied against the [Demand] Note shall be determined by an audit by a CPA firm selected by the Partnership and reasonably acceptable to APRM and [defendants], and shall include only such costs and expenses as are incurred through the date of such audit." There is no evidence that any such audit has been completed. Further, the 1985 audit relied on by plaintiffs does not reveal specific unreimbursed costs and expenses incurred by defendants and APRM for management, operation and maintenance of the two restaurants in Augusta, Georgia. This report only reveals that the Partnership owed defendants and APRM a net amount of $32,977 on December 31, 1985.

2. It is unnecessary to address defendants' remaining enumerations.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED MAY 13, 1992 —
RECONSIDERATION DENIED JUNE 1, 1992 — 

*Alston & Bird, Oscar N. Persons, Walter G. Elliott II, James C. Grant*, for appellants.
*Bondurant, Mixson & Elmore, H. Lamar Mixson, Jeffrey D. Horst, James W. Kimmell, Jr.*, for appellees.