## A94A2209. BALDINO'S GIANT JERSEY SUBS, INC. v. TAYLOR et al.
### (454 SE2d 599)

JOHNSON, Judge.

Frame K., Inc., operates a restaurant under a franchise agreement with Baldino's Giant Jersey Subs, Inc. Frame K employee Paul Bridges was involved in a motor vehicle collision; Jennifer Taylor was a passenger in the vehicle driven by Bridges. Taylor and her parents sued Baldino's, among others, under the theory of respondeat superior for injuries allegedly caused by the collision. Baldino's moved for summary judgment on the ground that as a franchisor it cannot be held vicariously liable for the acts of an employee of a franchisee. The trial court denied the motion. This court granted Baldino's application for interlocutory review.

"[I]n order to impose liability on the franchisor for the obligations of the franchisee, it must be shown that: (a) the franchisor has by some act or conduct obligated itself to pay the debts of the franchisee; or (b) the franchisee is not a franchisee in fact but a mere agent or 'alter ego' of the franchisor." (Citations and punctuation omitted.) *McGuire v. Radisson Hotels Intl.,* 209 Ga. App. 740, 742 (1) (435 SE2d 51) (1993). In the instant case, there is no question that Baldino's did not obligate itself to pay Frame K's debts. Moreover, contrary to the findings of the trial court and the contentions of the Taylors, there is no evidence that Frame K is merely an agent or alter ego of Baldino's.

"The historical test applied by Georgia courts has been whether the contract gives, or the employer assumes, the right to control the time and manner of executing the work, as distinguished from the right merely to require results in conformity to the contract." (Citations and punctuation omitted.) *McGuire,* supra. Here, the trial court correctly found that Baldino's had no right under the franchise agreement to control the daily activities of Frame K's employees. The court erred, however, in finding that the Baldino's employee handbook creates a question of fact as to whether Baldino's was actually exercising control over the time and manner of Frame K's work. This handbook, or manual, is merely a method by which Baldino's exercises its right to require results from Frame K in conformity with the franchise agreement. Furthermore, there is absolutely no evidence that Baldino's was in any way controlling Bridges' acts at the time of the collision.

"[A] franchisor is faced with the problem of exercising sufficient

control over a franchisee to protect the franchisor's national identity and professional reputation, while at the same time foregoing such a degree of control that would make it vicariously liable for the acts of the franchisee and its employees. [Cit.]" *McMullan v. Ga. Girl Fashions*, 180 Ga. App. 228, 230 (2) (348 SE2d 748) (1986). Baldino's exercised sufficient control over Frame K to protect its professional reputation, but did not exercise such control as to render it vicariously liable for the allegedly negligent driving of an employee of its franchisee. The trial court therefore erred in denying Baldino's motion for summary judgment. See *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981).

*Judgment reversed. Beasley, C. J., and Andrews, J., concur.*

DECIDED FEBRUARY 15, 1995 —
RECONSIDERATION DENIED MARCH 2, 1995.

*McCallar & Associates, Mark Bulovic*, for appellant.
*Jones, Boykin & Associates, Noble L. Boykin, Jr.*, for appellees.