67627. W. M. W., INC. v. COLLIER.

CARLEY, Judge.
Appellee sued appellant and one Tod Freeman for damages allegedly arising out of a collision between appellee's motorcycle and an automobile owned by appellant and driven by Freeman, who was an employee of appellant at the time of the collision. Recovery against appellant was sought on the theory of respondeat superior. Appellant moved for summary judgment on the ground that Freeman was not acting within the scope of his employment when the collision occurred. Appellant's motion was denied. The trial court certified its order for immediate review, and this court granted appellant's application for interlocutory appeal.

"It is a recognized principle under Georgia law that when an employee is involved in a collision, while operating his employer's vehicle, a presumption arises that he is acting within the scope of his employment. [Cit.] Once this presumption arises the burden then shifts to the employer 'to rebut the presumption by evidence that is "clear, positive and uncontradicted" and that shows the servant was not in the scope of his employment.' [Cit.]

"Recognizing the aforestated premises, the Supreme Court in [*Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776 (257 SE2d 186) (1979)] held that once the employer or employee presents positive and uncontradicted evidence that the employee's activities at the time and place in question were not within the scope of his employment, the plaintiff must show some other fact — other than the fact which gave rise to the initial presumption — from which a jury could infer that the employee was acting within the scope of the employment. In determining what 'other fact' must be shown in order to submit a given case to the jury, the court stated: 'If this "other fact" is *direct* evidence, that is sufficient for the case to go to a jury. However, when the "other fact" is *circumstantial* evidence, it must be evidence sufficient to support a verdict in order to withstand the defendant's motion for summary judgment.' *Kane*, supra at 780." *Int. Business Machines v. Bozardt*, 156 Ga. App. 794, 795 (275 SE2d 376) (1980).

In the instant case, the employee Freeman answered interrogatories and filed an affidavit stating that, when the collision occurred, he was on a purely personal mission completely unrelated to his employment. Appellant based its motion for summary judgment upon this uncontradicted evidence. The only "other fact" relied upon by appellee to defeat appellant's motion was that the new demonstrator vehicle supplied to Freeman by appellant was equipped with a cardboard or metal dealer "drive out" tag which displayed the name "Honda Carland."

The "drive out" tag on the vehicle driven by Freeman was not a dealer's license plate issued by the state, which by law could be used only for demonstrating or transporting a dealer's vehicle for sale. Compare *Ayers v. Barney A. Smith Motors*, 112 Ga. App. 581 (145 SE2d 753) (1965). Rather, the tag bearing the name "Honda Carland" was merely a promotional device placed on the car by appellant for advertising purposes. Appellee contends that the product and source recognition thus derived by appellant justifies submission of the issue of respondeat superior to the jury. On the contrary, however, we find that the "product and source recognition" appellant received by allowing its employees to drive new demonstrator vehicles bearing "Honda Carland" tags was simply an incidental advertising benefit. "The fact that the [appellant] employer's name was printed on the exterior of the [vehicle], thereby possibly conferring some incidental

benefit to the employer by way of advertisement, does not make the use [of the vehicle which resulted in the subject collision] within the employee's scope of employment. [Cit.]" *Atlanta Blue Print &c. Co. v. Kemp*, 130 Ga. App. 778 (204 SE2d 515) (1974).

"We find that not only does this circumstantial evidence not *demand* a finding for the [appellee] on the issue, it constitutes a 'mere inconclusive inference' and thus is insufficient to get [appellee] by [appellant's] motion for summary judgment on [the issue of respondeat superior]." *Allen Kane's Major Dodge v. Barnes*, supra at 781.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED MAY 14, 1984.

*Nicholas C. Moraitakis, William P. Tinkler, Jr.,* for appellant.
*Theodore Lee Marcus,* for appellee.