72478. TROLLINGER et al. v. BOB & CAROLYN
FORD, INC. et al.
(349 SE2d 11)

McMurray, Presiding Judge.

Mary S. Trollinger and James Leon Trollinger (plaintiffs) brought an action against Bob & Carolyn Ford, Inc., an automobile dealership ("the dealership"), and George Elliott McDonald, an employee of the dealership, for damages arising from an automobile collision which occurred between Mrs. Trollinger and McDonald while McDonald was driving one of the dealership's "demonstrator" vehicles. The dealership and McDonald filed a joint answer denying the material allegations of the plaintiffs' complaint. Subsequently, the dealership filed a motion for summary judgment arguing that it is not responsible for the alleged damages suffered by the plaintiffs as a result of the automobile collision they experienced with McDonald because McDonald was not acting within the scope of his employment at the time of the collision. The trial court granted summary judgment in favor of the dealership. The plaintiffs now appeal. *Held*:

1. "A presumption arises when an employee is operating his employer's automobile at the time of a collision, that he was acting within the scope of his employment. *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776 (257 SE2d 186) (1979); *Johnstown Fin. Corp. v. Roper*, 170 Ga. App. 575 (317 SE2d 634) (1984); *Massey v. Henderson*, 138 Ga. App. 565 (226 SE2d 750) (1976). On a defendant's motion for summary judgment, however, '(w)hen the uncontradicted testimony of the defendant and/or the employee shows that the employee was not acting within the scope of his employment at the time of the accident, the plaintiff must show, in addition to the facts which give rise to the presumption that he was in the course of his employment, some other fact which indicates the employee was acting within the scope of his employment. If this "other fact" is *direct* evidence, that is sufficient for the case to go to a jury. However, when the "other fact" is *circumstantial* evidence, it must be evidence sufficient to support a verdict in order to withstand the defendant's motion for summary judgment.' *Allen Kane's Major Dodge v. Barnes*, supra at 780. Circumstantial evidence which is consistent with the defendant's evidence used to rebut the presumption will not support a verdict. Id. at 781." *Fred A. York, Inc. v. Moss*, 176 Ga. App. 350, 351 (335 SE2d 618).

In the case sub judice, the dealership submitted the affidavit of its employee showing that, at the time of the collision, McDonald was using the demonstrator vehicle to drive home from work, on a "purely personal mission," which was in no way related to his employment. The only "other" evidence offered by the plaintiffs, showing that McDonald was acting within the scope of his employment at the time of

the collision, was that the dealership obtained some incidental advertising benefit as a result of the demonstrator vehicle being operated by McDonald. This is not sufficient to raise a genuine issue of material fact as to the dealership's liability based on respondeat superior. See *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, supra; and *W. M. W., Inc. v. Collier*, 170 Ga. App. 882 (318 SE2d 747). Other evidence contained in the record which indicates that the dealership's vehicle was not being used by McDonald within the scope of his employment is as follows: (1) McDonald was the "Business Manager" of the dealership at the time of the collision and his duties involved the dealership's "accounting function." He is not an automobile salesman, nor has he ever been involved in automobile sales. (2) McDonald is a salaried employee and he has never received bonuses for leads which flowed from the advertising benefit conferred as a result of his operation of the dealership's demonstration vehicles. (3) McDonald's use of the demonstrator vehicle was primarily a benefit directed as part of his compensation. (4) Finally, at the time of the collision, the vehicle was not being "demonstrated," to a prospective purchaser, nor were there plans to demonstrate the vehicle to a consumer later that evening. (McDonald was not to return to work with the "demonstrator" vehicle until the next day.) Under these circumstances, it is abundantly clear that the plaintiffs failed to meet their burden of proving some "other fact" that indicated McDonald was acting within the scope of his employment at the time of the collision. Accordingly, the trial court did not err in granting summary judgment in favor of the dealership. See *Bonney Motors Express v. Yates*, 171 Ga. App. 754 (1) (320 SE2d 844).

2. We have considered the dealership's motion for sanctions for frivolous appeal in light of the circumstances in the case sub judice and it is denied.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED SEPTEMBER 10, 1986.

*Paul S. Weiner*, for appellants.
*William P. Tinkler, Jr., Mark D. Belcher*, for appellees.