A89A0698. FREY et al. v. PEPSICO, INC. et al.
(382 SE2d 648)

BANKE, Presiding Judge.

The appellants brought the present action against the appellees, PepsiCo, Inc., and Pepsi-Cola Bottling Company of Crisp, Inc., (hereinafter referred to as "the Bottler") to recover for personal injuries they allegedly sustained when their vehicle was struck by a Pepsi-Cola delivery truck. The truck was owned by the Bottler and was being driven at the time by one of its employees. There would appear to be no question that the Bottler may be held vicariously liable for the alleged negligence of the driver pursuant to the doctrine of respondeat superior. At issue in this appeal is whether PepsiCo, Inc., which had licensed the Bottler to bottle and sell its Pepsi-Cola soft drink, may also be held vicariously liable for the driver's alleged negligence on the theory that it controlled the operations of the Bottler.

The suit was filed in Fulton County, where PepsiCo, a foreign corporation, maintains a registered agent for service of process. The Bottler is a Georgia corporation whose registered agent and principal office are located in Crisp County. Concluding that there was no basis upon which PepsiCo could be held liable for the driver's negligence under the circumstances, the trial court granted that company's motion for summary judgment; and as this ruling eliminated any jurisdictional basis for entertaining the claim against the Bottler in Fulton County, the court simultaneously ordered the case transferred to

Crisp County pursuant to Rule 19.1 of the Uniform State Court Rules. This appeal followed.

PepsiCo is in the business of manufacturing Pepsi-Cola concentrate, or syrup, which it sells to licensees such as the appellee Bottler. Such licensees use the syrup to manufacture and bottle the finished soft drink, which they then sell in their licensed distribution territories for their own account. It is undisputed that PepsiCo has no ownership interest in the Bottler named as a defendant in this case. Pursuant to the licensing agreement which governs the relationship between the two companies, the Bottler is required to maintain sufficient production capacity to adequately service its territory, to refrain from selling any other cola beverages, and to "follow precisely the instructions" of PepsiCo in the bottling, packaging, and selling of Pepsi-Cola. It is also required to "push vigorously the sale of bottled Pepsi-Cola throughout [its] entire territory," to "service all accounts with frequency adequate to keep them at all times fully supplied with Pepsi-Cola," and to "use [its] own salesmen and trucks, (or salesmen and trucks of independent distributors, of whom [PepsiCo] approves), in quantity adequate for all seasons. . . ." With specific reference to the latter aspect of the Bottler's operations, the agreement further provides as follows: "All trucks used in the Pepsi-Cola operation hereunder shall be painted only with standard Pepsi-Cola colors and trade-mark and will be maintained at all times in good condition and appearance. The Bottler shall provide standard Pepsi-Cola uniforms for all route salesmen." *Held*:

1. "The need for controls over the use of a trade name, in a franchise agreement authorizing such use, has generally been recognized. [Cits.] And in Georgia it has been held that a franchise contract under which one operates a type of business on a royalty basis does not create an agency relationship. *Arthur Murray, Inc. v. Smith*, 124 Ga. App. 51 (183 SE2d 66) [1976]." *Buchanan v. Canada Dry Corp.*, 138 Ga. App. 588, 591 (226 SE2d 613) (1976).

The evidence of record in this case reveals no basis upon which PepsiCo could be held vicariously liable for the alleged negligence of the Bottler's driver. While it is true that PepsiCo retained a substantial amount of control over the Bottler's manufacturing and packaging operations, there is no suggestion that it retained or exercised any supervisory control over the hiring and firing of the Bottler's route salesmen or over the time, manner, and method of their performance. Compare *Ledbetter v. Delight Wholesale Co.*, 191 Ga. App. 64 (380 SE2d 736) (1989). Nor is there any evidence which would suggest that the Bottler was acting as the mere instrumentality or alter ego of PepsiCo in delivering the product, rather than as a distinct and independent business entity. See generally OCGA § 51-2-4; *Raynor v. American States Ins. Co.*, 176 Ga. App. 564 (1) (337 SE2d 43) (1985).

The mere fact that the Pepsi-Cola trademark was exhibited on the Bottler's vehicles and on the uniforms of its drivers is insufficient, in and of itself, to warrant such a finding under the circumstances. Accord *Manis v. Gulf Oil Corp.*, 124 Ga. App. 638, 640 (185 SE2d 589) (1971). Compare *Buchanan v. Canada Dry*, supra (where the bottler also used the Canada Dry name rather than its own in the telephone directory and in answering its telephone). Similarly, the fact that the Bottler's trucks carried PepsiCo products exclusively provides no basis, under the circumstances, for an inference that it did so as a servant or mere instrumentality of PepsiCo. Compare *White v. Morris*, 114 Ga. App. 618 (152 SE2d 417) (1966) (holding that, where a retail corporation leased its delivery trucks to another company to be used exclusively for transporting the lessor corporation's merchandise, it could be inferred that the lessee corporation was acting as the servant of the lessor corporation in making such deliveries); *McGuire v. Ford Motor Credit Co.*, 162 Ga. App. 312, 313-4 (290 SE2d 487) (1982) (holding that, notwithstanding a contractual designation to the contrary, an individual hired by a finance company to repossess an automobile could be considered the servant of the finance company in carrying out that activity, since "the activity in question [was] one which would ordinarily be regarded as part of the employer's regular business operations, [was] one which the employer regularly employ[ed] people to carry out, and [was] one which [was] generally carried out by subordinates.")

We reject the appellants' contention that PepsiCo may be considered liable for the actions of the driver based on the doctrine of ostensible or apparent agency. Unless the appellants chose to be hit by the Bottler's truck, that doctrine has no application under the present circumstances, inasmuch as it requires reliance on the apparent agency relationship. See *Richmond County Hosp. Auth. v. Brown*, 257 Ga. 507, 508-9 (361 SE2d 164) (1987). Finding no basis for an inference that either the Bottler or its driver was acting as servants or instrumentalities of PepsiCo with respect to the operation of the delivery vehicle, we hold that the trial court acted correctly in granting PepsiCo's motion for summary judgment.

2. The appellants contend that the trial court erred in considering certain affidavits submitted by PepsiCo on the issue of whether an agency relationship existed between that company and the Bottler. However, as no ruling was ever elicited from the court with respect to those affidavits and as the record supports the court's grant of summary judgment to PepsiCo even without them, this enumeration of error presents nothing for review.

3. Because the elimination of PepsiCo as a defendant in the action also eliminated any basis for the assertion of venue in Fulton County, the trial court did not err in transferring the action to the

county of residence of the remaining defendant.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 9, 1989 —
REHEARING DENIED MAY 17, 1989 —

*Robert A. Falanga, Jesse E. Barrow III*, for appellants.
*Carr, Tabb & Pope, W. Pitts Carr, Eric E. Huber*, for appellees.