A95A0992. DeKALB COUNTY v. LENOWITZ.
A95A1918. DeKALB COUNTY v. CITY OF ATLANTA.
A95A2141. CITY OF ATLANTA v. DeKALB COUNTY.
(463 SE2d 539)

BEASLEY, Chief Judge.

Lenowitz, the owner of residential property in unincorporated DeKalb County, sued DeKalb County and the City of Atlanta, seeking damages because raw sewage leaked onto his property from a trunk line of the Metropolitan Sewer System. Both the city and county filed cross-claims, each asserting that the other is liable for plaintiff's damages. The plaintiff obtained a recovery against the city through a settlement and against the county through a judgment entered on a jury verdict. In these appeals, the county maintains that the city is solely liable to plaintiff and that the court erred in ruling on a motion in limine filed by plaintiff; in addition, both the city and

county claim error in the court's disposition of their cross-claims.

Plaintiff's complaint is that the trunk line leaked raw sewage onto his property in such manner as to kill vegetation and create an obnoxious odor, thereby lowering the value of his property and interfering with his peace and quiet enjoyment. Neither the city nor county disputes that the sewer leaked raw sewage onto the property. Plaintiff sought damages for a taking of property by inverse condemnation and for a continuing nuisance, as well as an award of attorney fees.

Prior to filing the complaint, plaintiff requested officials from both the city and county to repair or replace the sewer line. Each claimed that repair and replacement of the sewer line on plaintiff's property was the other's responsibility. Each of their positions is based upon the "Metropolitan Sewer Agreement."

When the city and county entered into the agreement in 1968, the city owned and operated the Metropolitan Sewer System. The city agreed to construct various improvements to the system for the joint use of several entities, of which the county is one. The city agreed to finance the construction, and the county agreed to reimburse the city for the benefits to be conferred on the county.

The city also agreed to assume responsibility for the operation, maintenance, repair, and replacement of all portions of the system except those portions which serve only the county. The net operating costs related to these functions for the portions of the system which are the responsibility of the city are allocated among the parties served on the basis of beneficial use as determined by sewage flow.

The county agreed to include as part of the net operating costs "[a]ny sums the city is required to pay for claims of any persons arising out of the financing, construction, operation, supervision, management, maintenance, repair, replacement and expansion of the Metropolitan Sewer System, including payments by the city for work[ers'] compensation claims."

The county also assumed responsibility, at its expense, for the construction, operation, maintenance, repair, and replacement of all sewers used solely by the county, of various metering facilities, and of sewers serving Gwinnett County which the county permits to be connected to sewers using the facilities of the Metropolitan Sewer System. The county has the right to make or permit connections to the Metropolitan Sewer System and to make charges for such connections.

The county submitted uncontroverted evidence that the portion of the sewer system on plaintiff's property serves both the city and county (the allocation of sewage flow being 87.61 percent for the county and 12.39 percent for the city at this location). Based on the argument that the city thus has the responsibility for maintaining

and repairing this portion of the system, the county filed a motion to dismiss or in the alternative for summary judgment.

Plaintiff filed a motion for summary judgment on issues of liability, arguing that the city and county operate the sewer line as a joint venture or enterprise and that they are both liable to him for maintenance of a nuisance irrespective of the division of duties and obligations as between the two of them in the agreement. The superior court granted plaintiff's motion and denied the county's, ruling that the sewer line is a joint venture of the city and county and that the agreement does not preclude either defendant's liability to plaintiff, although it may be relevant to their cross-claims.

Shortly before trial, plaintiff and the city settled his nuisance claim for $55,000 and his attorney fee claim for $25,000.

At the commencement of trial, plaintiff sought through an oral motion in limine to bifurcate the trial of his inverse condemnation claim against the county from the city's and county's cross-claims. The court granted the motion and ruled that plaintiff's settlement of his nuisance and attorney fee claims with the city could not be mentioned, but that the city's involvement in this case otherwise could be introduced.

After presentation of plaintiff's case, counsel for the city, who did not arrive at trial until after argument of counsel on the motion in limine was under way, asked for a clarification of the terms of the motion. Counsel for the city and plaintiff expressed their preference that evidence relating to the actions of the city not be presented until adjudication of the cross-claims. The court agreed to that and stated that the county would not be prejudiced in any way by waiting to present such evidence. The county's counsel responded that the court's initial ruling on the motion in limine was to exclude testimony about the settlement only and that testimony concerning how the city otherwise has been involved in the case had been presented. The court stated that such testimony had been admitted because there was no objection, but that it would sustain the objection then being raised.

The jury returned a $55,000 verdict against the county, and the parties agreed to have the cross-claims resolved through the submission of briefs or mediation. Finding no just reason for delay, the court directed entry of final judgment.

The court subsequently entered a final judgment which: (1) denied the county's cross-claim seeking reimbursement for the $55,000 judgment in favor of plaintiff; (2) granted in part the city's cross-claim and ordered the county to reimburse the city for 87.61 percent of the cost of repairing the sewer at issue and removing and replacing dead trees on plaintiff's property; and (3) denied in part the city's cross-claim and ordered that the county not reimburse the city for its

settlement of $80,000 with plaintiff inasmuch as the city voluntarily entered into the settlement and was not required to pay it.

In Case No. A95A0992, the county appeals the judgment in plaintiff's favor. In Case No. A95A1918, the county appeals the denial of its cross-claim. In Case No. A95A2141, the city cross-appeals the partial denial of its cross-claim.

*Case No. A95A0992*

1. The county contends that the court erred in denying its motion for summary judgment in light of evidence conclusively showing that the city and not the county is liable.

The county correctly states that under the Metropolitan Sewer Agreement, the city is solely responsible for making repairs and replacements to the part of the sewer system crossing plaintiff's property and is the only party with legal access to the property by virtue of an easement. Plaintiff's argument is that the county is jointly and severally liable for the tortious acts of the city by reason of the fact that the part of the sewer system traversing plaintiff's property is operated by these defendants as a joint venture or enterprise.

The agreement shows that the city and county jointly own parts of the sewer system, that the city controls some of these parts, and that the county controls others. "On this evidence, a finding was authorized that [this is] a 'joint enterprise,' . . . notwithstanding the parties' determination, as between themselves, how the control over the [enterprise] would be exercised. [Cit.]" *City of Eatonton v. Few*, 189 Ga. App. 687, 690 (2) (377 SE2d 504) (1988). Each party to a joint venture or enterprise is jointly and severally liable for the tortious acts of the other committed within the scope of the venture or enterprise. See OCGA §§ 14-8-13, 14-8-9; *Block v. Woodbury*, 211 Ga. App. 184, 186 (2) (438 SE2d 413) (1993); 46 AmJur2d, Joint Ventures, § 42 (1994). The city's operation of the sewer system in an unincorporated area of the county was certainly within the scope of the joint enterprise.

The county argues that plaintiff has obtained a double recovery by being awarded damages on his inverse condemnation claim after settling his nuisance claim with the city. This argument is neither supported by citation of authority nor within the scope of the county's enumeration of error. For the latter reason, the issue is not preserved on appeal. *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649) (1993).

2. The county also contends that, in ruling on the motion in limine midway through the trial, the court abused its discretion in excluding any evidence regarding the city's involvement in the case.

It is true that the plaintiff had already presented such evidence

in his case-in-chief. The county argues that it was unfairly prevented from presenting rebuttal evidence, but the county did not advance this argument at trial and it does not state in either court what the rebuttal evidence would have shown. It has not carried its burden of showing that it was prejudiced by the court's ruling on the motion in limine. See generally *Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284, 286 (1) (260 SE2d 20) (1979).

### Case No. A95A1918

3. The county argues that it is entitled to reimbursement from the city for the sums it has been required to pay plaintiff, because under the agreement the city assumed responsibility for the repair and replacement of that portion of the sewer system traversing plaintiff's property, and the damage to his property would have been mitigated if the city had complied with its contractual obligation to make the repairs within a reasonable time.

The city counters that it is not required to reimburse the county, because the agreement has no provision requiring the city to reimburse the county for claims the county is required to pay, although the agreement does contain a provision including as part of the net operating costs of the sewer system any sums the city is required to expend in payment of claims. The presence of the one provision and absence of the other is explained by the fact that under the agreement, the city is responsible for maintaining portions of the sewer system that serve both the county and the city, whereas the county is only responsible for maintaining those portions of the sewer system that serve only the county.

The county is not claiming any contractual right of reimbursement from the city. Rather, the county's cross-claim is based on the city's breach of its contractual duty to repair and replace those portions of the sewer system that serve both the city and county. While the agreement does not give the county a contractual right to be reimbursed for claims it must pay other persons, the agreement does not preclude the county from seeking such damages from the city if the county has been forced to pay such claims because of the city's breach of contract. The court erred in denying the county's cross-claim on the ground that it is barred by the agreement.

### Case No. A95A2141

4. The city contends that the court erred in the partial denial of its cross-claim on the ground that the city voluntarily entered into the settlement with plaintiff and was not required to pay it.

The partial denial of the city's cross-claim was not authorized on this ground. " 'By the enactment of (OCGA § 51-12-32 (c)) . . . the

Legislature has expressly permitted a party to compromise or settle a claim in lieu of a lawsuit or judgment against the party without prejudicing that party's right to seek indemnity from another.' [Cit.] '(T)he right of indemnification is not lost or prejudiced by settlement or compromise of a claim.' [Cit.]" *U. S. Fidelity &c. Co. v. Sayler Marine Corp.*, 196 Ga. App. 850, 851 (397 SE2d 188) (1990).

The claim settled was against the city for maintenance of a nuisance. In order for the city to have been held liable on such a claim, the defect or degree of misfeasance must have exceeded the concept of mere negligence, and there must have been a failure by the city to have acted within a reasonable time after knowledge of the defect. *Earnheart v. Scott*, 213 Ga. App. 188, 189 (1) (444 SE2d 128) (1994). Consequently, the city's maintenance of the nuisance necessarily constituted both breach of a tort duty owed to the homeowner and breach of a contractual duty of repair owed to the county.

The provision in the agreement requiring the county to reimburse the city for sums the city is required to expend in payment of claims to others is in essence an indemnity clause. See 15 EGL, Indemnity, § 3 (1995 Rev.). Such clauses are to be strictly construed against the indemnitee, especially where, as here, indemnification is sought for tortious conduct rising to the level of a nuisance. See 15 EGL, Indemnity, § 5, supra. Strictly construing the clause in this case, we hold that it does not entitle the city to reimbursement by the county where the nuisance claim paid by the city arises as a result of the city's breach of a contract with the county as well as a tort duty owed to the third party. Therefore, the court's partial denial of the city's cross-claim is affirmed under the "right for any reason" rule. *Lemieux v. Blue Cross &c. of Ga.*, 216 Ga. App. 230 (453 SE2d 749) (1994).

*Judgment affirmed in Case Nos. A95A0992 and A95A2141. Judgment reversed in Case No. A95A1918. Pope, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 2, 1995 —

*Johnson & Freeman, Clarence R. Johnson, Jr.*, for DeKalb County.
*James S. Altman*, for Lenowitz.
*Clifford E. Hardwick IV, Romaine L. White*, for City of Atlanta.