## S97G1206. ROSSI v. OXLEY et al.
### (495 SE2d 39)

FLETCHER, Presiding Justice.

The issue in this case is whether on-call arrangements among doctors create a joint venture such that the wrongful act of one doctor may be imputed to another in the on-call group. Because the extension of liability based solely on the on-call arrangement would discourage the availability of medical services and thus would be contrary to public policy, we decline to construe on-call groups as joint ventures and reverse the Court of Appeals.

The summary judgment record in this case showed that in 1987 Yolanda Oxley was 27 weeks pregnant and under the care of an obstetrician, William Kilpatrick. Kilpatrick and Alberto Rossi were not in practice together, but participated in an on-call arrangement with three other obstetricians. Pursuant to this arrangement the doctors published a monthly schedule showing which doctor would cover for the others' patients each day. If the on-call doctor treated another's patient, the on-call doctor would bill that patient for services directly. The on-call doctor did not share these fees with the patient's regular doctor.

On September 1, 1987, Oxley was admitted to the hospital and was seen by Rossi, the doctor on call that evening. The following morning Kilpatrick delivered Oxley's son Ben. In 1989, Ben was diagnosed with cerebral palsy. In 1996, Oxley filed a malpractice action on behalf of her son against Kilpatrick and Rossi. The trial court held that the statute of limitations barred the action and granted summary judgment to both doctors.

The Court of Appeals reversed, holding that a material issue of genuine fact existed as to whether the statute of limitations was tolled by knowing misrepresentations Kilpatrick made to Oxley regarding the cause of the cerebral palsy.[1] The court also held that misrepresentations by Kilpatrick would toll the statute of limitations as to Rossi because the two doctors were engaged in a joint venture. We granted only Rossi's petition for certiorari to consider the holding that the two doctors were engaged in a joint venture.

1. The parties do not dispute that the statute of limitations bars the claim against Rossi unless the existence of a joint venture extends to Rossi the tolling caused by Kilpatrick's alleged fraudulent misrepresentations to Oxley. A joint venture "arises where two or more parties combine their property or labor, or both, in a joint undertaking for profit, with rights of mutual control."[2] The circum-

---

[1] *Oxley v. Kilpatrick*, 225 Ga. App. 838 (486 SE2d 44) (1997).

[2] *Kissun v. Humana*, 267 Ga. 419, 420 (479 SE2d 751) (1997); see also *Security Dev. & Inv. Co. v. Williamson*, 112 Ga. App. 524, 525 (145 SE2d 581) (1965) ("There must be not only

stances of the doctors' on-call agreement fail to establish a joint venture because the crucial element of mutual control is missing. Oxley admits that in this case there is no evidence that Kilpatrick controlled Rossi's judgment in treating her.[3] Without the element of mutual control, no joint venture can exist.[4]

2. Even if, as Oxley argues, the fact of mutual control over the schedule were sufficient to meet the control requirement, public policy concerns would dictate the same result. We have previously recognized that technical notions of vicarious liability may yield to greater public policy issues.[5] Extending vicarious liability to doctors who cover for one another would discourage the practice and thus would lead to a decreased availability of quality medical care or to increased costs, or both. Such a situation fails to serve the public interest. Using the fiction of a joint venture to avoid the bar of the statute of limitations in this one case does not justify the extension of vicarious liability for all doctors who find it necessary or convenient to arrange for a substitute on a regular or occasional basis.[6] To hold otherwise would be to allow bad facts to make bad law.

This holding is consistent with prior rulings in this state[7] and other states[8] and it does not leave patients unprotected. Each doctor, whether regular or on-call, is subject to the same standard of care of the profession. Further, a patient may look to her own doctor for liability when the independent negligent acts of both doctors cause an indivisible injury,[9] the doctor is negligent in the selection of a substitute,[10] or the on-call doctor is an employee of the regular doctor.

---

a joint interest in the objects and purposes of the undertaking, but also a right, express or implied of each member of the joint venture to direct and control the conduct of the other.")

[3] The lack of such evidence in this case does not preclude the possibility that professionals may agree in other situations that their professional judgment is to be exercised jointly.

[4] *Holland v. Boyett,* 212 Ga. 458 (1) (93 SE2d 662) (1956).

[5] See *Peachtree Cain Co. v. McBee,* 254 Ga. 91, 94 (327 SE2d 188) (1985) (to avoid opportunities for gross injustice court extended vicarious liability to property owners for negligent acts of security personnel working as independent contractors).

[6] The resort to the fiction of joint venture is necessary only because Oxley failed to file her complaint within the seven-year statute of limitations applicable pursuant to O.C.G.A. § 9-3-73 (b).

[7] *Mullins v. DuVall,* 25 Ga. App. 690, 693 (104 SE 513) (1920) (doctor and substitute not liable as principal and agent in separate treatment of patient).

[8] See *Kavanaugh v. Nussbaum,* 523 N.E.2d 284, 289 (N.Y. 1988); *Steinberg v. Dunseth,* 631 N.E.2d 809, 813 (Ill. App.), *cert. denied,* 642 N.E.2d 1304 (Ill. 1994). See also *Manno v. McIntosh,* 519 N.W.2d 815, 823 (Iowa Ct. App. 1994); *McKay v. Cole,* 625 So.2d 105 (Fla. App. 1993); *Moore v. Lee,* 211 S.W. 214 (Tex. 1919).

[9] *Gilson v. Mitchell,* 131 Ga. App. 321, 331 (205 SE2d 421) (1974), *aff'd,* 233 Ga. 453 (211 SE2d 744) (1975) (when two doctors independently treat a patient, they may be held jointly and severally liable if their independent negligent acts produce an indivisible injury).

[10] See *Humphrey v. Alvarado,* 185 Ga. App. 486, 489 (364 SE2d 618) (1988) (not reasonable to hold doctor responsible for actions taken by substitute doctor absent allegations of negligence in selection of stand-in).

3. Because of our ruling above, we need not consider Oxley's argument that one party's statement is sufficient to create a fact issue as to the existence of a joint venture.[11]

*Judgment reversed in part. All the Justices concur, except Hunstein, J., who concurs in the judgment only as to Division 1.*

DECIDED FEBRUARY 2, 1998 —
RECONSIDERATION DENIED FEBRUARY 23, 1998.

*Webb, Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Brian R. Neary, Leslie B. Zacks, Alston & Bird, G. Conley Ingram,* for appellant.

*Love & Willingham, Daryll Love, Michael J. Hannan III, Davis, Gregory, Christy & Forehand, Hardy Gregory, Jr., Gary C. Christy, Steven K. Leibel & Associates, Steven K. Leibel,* for appellees.

---

[11] But see *Shivers v. Barton & Ludwig, Inc.,* 164 Ga. App. 490, 491 (296 SE2d 749) (1982) (where only evidence of agency is inference drawn from actions of alleged agent, evidence lacks probative value and is insufficient to authorize finding of agency).