A05A0105. WILLIAMS et al. v. CHICK-FIL-A, INC. et al.
(617 SE2d 153)

ELLINGTON, Judge.

William J. Williams appeals from the Fulton County State Court's grant of summary judgment to Chick-fil-A, Inc. (hereinafter, "the corporation") in this wrongful death action. The cause of action arose from a collision between a car driven by Sheneta Garnett and a truck owned by the corporation and driven by Chick-fil-A restaurant operator Michael Matthew Brown. Williams brought the suit in his capacity as administrator of the estate of Sheneta Garnett and as guardian ad litem for Garnett's minor child. Williams contends the trial court erred in finding as a matter of law that there was no agency relationship between the corporation and Brown at the time of the collision and, therefore, the corporation was not entitled to summary judgment. Finding no error, we affirm.

> On motion for summary judgment, the movant has the burden of showing the absence of any genuine issue of material fact, and the opposing party is given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. The movant has this burden even as to issues upon which the opposing party would have the trial burden.

(Citations and punctuation omitted.) *Buchanan v. Canada Dry Corp.,* 138 Ga. App. 588, 590 (226 SE2d 613) (1976). Our review of the trial court's order is de novo. *Schlotzsky's v. Hyde,* 245 Ga. App. 888 (538 SE2d 561) (2000).

So viewed, the evidence showed that, in June 1996, Brown signed an "Independent Contractor's Agreement" to sublease and operate a Chick-fil-A fast food restaurant in Hiram, Georgia. Brown successfully operated the restaurant and, in February 1999, the corporation recognized Brown for outstanding financial performance during 1998. Through its "Symbol of Success" program, the corporation rewarded Brown by presenting him with the use of a 1999 Ford F-250 truck for one year, with the possibility that Brown could keep the truck longer if his sales remained high. The truck's doors were painted with signs promoting Chick-fil-A restaurants, and these signs were intended to

benefit both the corporation and Brown's restaurant. The corporation owned and held title to the truck, paid for some operating costs, and provided insurance coverage for the truck during the first year. The corporation, however, did not retain the right to restrict or otherwise control Brown's operation of the truck.

On December 21, 1999, Brown was driving the truck home from a friend's house when he ran a stop sign and collided with a car driven by Garnett. Garnett died as a result of the collision, and the administrator of her estate filed a wrongful death suit against Brown. The estate also sued the corporation,[1] alleging that it was vicariously liable for Brown's negligence. After conducting a hearing on the corporation's motion for summary judgment, the trial court granted the motion, finding as a matter of law that there was no joint venture, employee/employer relationship, or agency relationship between Brown and the corporation as to the operation of the restaurant or the truck.

On appeal, Williams contends that the trial court erred in finding as a matter of law that no joint venture or agency relationship existed between Brown and the corporation at the time of the collision. A joint venture arises "where two or more parties combine their property or labor, or both, in a joint undertaking for profit, with rights of mutual control (provided the arrangement does not establish a partnership), so as to render all joint venturers liable for the negligence of the other." (Citation omitted.) *Kissun v. Humana*, 267 Ga. 419, 420 (479 SE2d 751) (1997). The right to exercise mutual control is a crucial part of a joint venture. See *Rossi v. Oxley*, 269 Ga. 82, 83 (1), (2) (495 SE2d 39) (1998) (holding that there was no joint venture as a matter of law between physicians who agreed to be "on-call" for one another at a hospital in the absence of evidence that the physicians controlled each other's professional judgment in the treatment of patients). For a joint venture to exist, "[t]here must be not only a joint interest in the purpose of the enterprise . . . but also an equal right, express or implied, to direct and control the conduct of one another in the activity causing the injury (in this case the operation of the automobile)." (Citations omitted.) *Cullen v. Timm*, 184 Ga. App. 80, 82 (1) (360 SE2d 745) (1987). "The general principles of agency law apply where defendants are joint venturers." (Citations omitted.) *Kissun v. Humana*, 267 Ga. at 420.

Generally, when a plaintiff has sued a business for injuries resulting from a third party's negligence, Georgia's courts have held that the business is entitled to judgment as a matter of law when

---

[1] Garnett's estate also named other Chick-fil-A corporate entities as defendants in the suit, but the court dismissed them at the same time it granted summary judgment to Chick-fil-A, Inc. The dismissal of these parties is not challenged in this appeal.

there is no evidence that the business exercised control over the tortfeasor or his employer.[2] Our courts have also held that the business is entitled to judgment as a matter of law when there is no evidence that the tortfeasor was acting within the scope of his employment at the time of the negligence.[3] Absent such evidence, the fact that the business might have received some incidental advertising benefit from signs on a vehicle negligently driven by the tortfeasor would not authorize a jury to find the business liable for the driver's negligence.[4]

---

[2] See, e.g., *Pizza K v. Santagata*, 249 Ga. App. 36, 38-39 (547 SE2d 405) (2001) (where franchise's delivery driver injured plaintiff, franchisor was entitled to judgment as a matter of law on its liability for the driver's negligence because there was no evidence that the franchisor controlled the franchise's pizza delivery); *Frey v. Pepsico*, 191 Ga. App. 585, 586 (1) (382 SE2d 648) (1989) (where soft drink bottling company's delivery truck collided with plaintiff, soft drink manufacturer was entitled to judgment as a matter of law on its liability where there was no evidence the franchise agreement between the manufacturer and the company created an agency relationship, and the evidence showed the manufacturer did not supervise the company's employees); see also *BP Exploration & Oil v. Jones*, 252 Ga. App. 824, 825-829 (1) (558 SE2d 398) (2001) (where franchise's employee assaulted a customer, franchisor was not liable as a matter of law where there was no evidence that the franchisor controlled the operation of the franchise) (physical precedent only); *Schlotzsky's v. Hyde*, 245 Ga. App. at 889-890 (franchisor was not liable as a matter of law for food poisoning which occurred at franchisee's restaurant, since there was no evidence that franchisor supervised or controlled the time, manner, or method of franchisee's daily activities); but cf. *City of Eatonton v. Few*, 189 Ga. App. 687, 690 (2) (377 SE2d 504) (1988) (city was not entitled to judgment as a matter of law on its liability for a drowning at its swimming pool when there was evidence that the city shared operating and maintenance costs of the pool with the county and, therefore, was involved in a joint enterprise, even though the city and county did not share a profit motive or exercise joint control of the pool).

[3] See, e.g., *Trollinger v. Bob & Carolyn Ford, Inc.*, 180 Ga. App. 252, 253 (1) (349 SE2d 11) (1986) (car dealership was entitled to judgment as a matter of law on its liability for an employee's negligence, because employee was driving a demonstrator vehicle outside the scope of his employment when it collided with the plaintiff); *W. M. W., Inc. v. Collier*, 170 Ga. App. 882, 883-884 (318 SE2d 747) (1984) (where employee was driving a car dealership's demonstrator vehicle when he collided with a motorcycle, dealership was entitled to judgment as a matter of law on its liability, because its employee was driving the vehicle outside his scope of employment at the time of the collision); *Atlanta Blue Print &c. v. Kemp*, 130 Ga. App. 778, 778-779 (204 SE2d 515) (1974) (where employee was driving a company's delivery truck on a personal mission and outside the scope of his employment when he collided with plaintiff, company was entitled to judgment as a matter of law for damages arising from the collision).

[4] See *Frey v. Pepsico*, 191 Ga. App. at 586 (1) (manufacturer Pepsico was not liable as a matter of law for damages from a collision involving bottling company's delivery truck, even though the manufacturer's "Pepsi" trademark was on the truck and the driver's uniform); *Trollinger v. Bob & Carolyn Ford, Inc.*, 180 Ga. App. at 253 (1) (car dealership was entitled to judgment as a matter of law on its liability for damages resulting from a collision involving its demonstrator vehicle because the dealership's signs on the vehicle provided only an incidental advertising benefit to dealership); *W. M. W., Inc. v. Collier*, 170 Ga. App. at 883-884 (the fact that a car dealership's demonstrator vehicle had a dealership "drive out tag" did not make employee's use of the car automatically fall within his scope of employment, because the dealership derived only "incidental" advertising benefit from the tag); *Atlanta Blue Print &c. v. Kemp*, 130 Ga. App. at 778-779 (employer's sign on a delivery truck involved in a collision provided only an incidental advertising benefit which did not make employer liable for injuries from a collision which occurred during an employee's use of the truck for personal business).

In this case, the evidence showed that Brown operated the Chick-fil-A restaurant as an independent contractor, and there was no evidence to show that the corporation had the authority to control the operation of either the restaurant or the truck. Further, the undisputed evidence showed that, at the time of Brown's collision with Garnett, Brown was operating the truck on a purely personal mission. Under such circumstances, the trial court did not err in concluding as a matter of law that Brown and the corporation were not engaged in a joint venture or other agency relationship with regard to the events that resulted in Garnett's injuries. See cases cited in footnotes 2, 3, and 4, supra.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JULY 6, 2005.

*Thompson & Smith, James M. Thompson, Larry I. Smith*, for appellants.

*Hunton & Williams, Ashley F. Cummings, Matthew J. Calvert, Hicks, Casey & Foster, William T. Casey, Jr.*, for appellees.