**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 16, 2022**

# In the Court of Appeals of Georgia

A21A1279. DRISKELL v. DOUGHERTY COUNTY et al.

A21A1280. CITY OF ALBANY v. DOUGHERTY COUNTY.

HODGES, Judge.

In this tort action, Daryl Driskell sued the City of Albany, Dougherty County, and City code enforcement officer Melinda Gray for damages after Gray struck Driskell's vehicle. In Case No. A21A1279, Driskell appeals from the trial court's order granting summary judgment to the County and denying his cross-motion for partial summary judgment, arguing that the County is liable for Gray's conduct based upon a variety of legal theories, including that the County is engaged in a joint enterprise with the City. In Case No. A21A1280, the City appeals from the trial court's order denying its motion for summary judgment, asserting that: (1) an exculpatory clause in the intergovernmental agreement between the City and the

County is not an indemnity provision; and (2) the City's potential indemnity liability should be capped at $500,000.[1] We have consolidated these cases for decision on appeal and, for the following reasons, we conclude that mutual control is an essential element of a joint venture claim against contracting governmental entities, and we disapprove some of our prior authorities that state the contrary. We further conclude that the trial court correctly determined that the record does not contain any evidence of mutual control, an essential element of a joint venture claim. Therefore, we affirm

---

[1] In view of Driskell's concession that Gray was not a proper party defendant pursuant to OCGA § 36-92-3 (b), the trial court granted Gray's motion to dismiss. After Driskell further acknowledged that the ante litem notice he sent to the City was insufficient, the trial court granted the City's motion to dismiss Driskell's action as time-barred. See OCGA § 36-33-5 (e). The trial court realigned Driskell's case as "*Driskell v. Dougherty County v. City of Albany*, as . . . Dougherty County in its answer asserted a claim for contractual indemnification against the City . . . based on language in [their] intergovernmental agreement. . . ." The trial court's denial of the City's motion for summary judgment on this point forms the basis of the City's appeal in Case No. A21A1280.

the trial court's judgment in Case No. A21A1279[2] and dismiss the City's appeal in Case No. A21A1280 as moot.

Viewed in a light most favorable to the non-movants,[3] the record reveals that the City and the County executed an intergovernmental agreement in 2014 "for the City to furnish [c]ode [e]nforcement [s]ervices within the confines of the unincorporated area of [the] County[.]"[4] As part of the agreement, the City was to employ an individual who would be dedicated to providing County code enforcement services, and Gray was so employed. In April 2017, Driskell filed suit against the

---

[2] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of a hearing en banc on the question of disapproving language in *City of Eatonton v. Few*, 189 Ga. App. 687, 690 (2) (377 SE2d 504) (1988), *DeKalb County v. Lenowitz*, 218 Ga. App. 884, 887 (1) (463 SE2d 539) (1995), *Lafontaine v. Alexander*, 343 Ga. App. 672, 681 (6) (808 SE2d 50) (2017), and *Ga. Dept. of Transp. v. Delor*, 351 Ga. App. 414, 423 (6) (830 SE2d 519) (2019).

[3] "We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. Because this opinion addresses cross-motions for summary judgment, we will construe the facts in favor of the nonmoving party as appropriate." (Citation and punctuation omitted.) *Crown Series, LLC v. Holiday Hospitality Franchising, LLC*, 357 Ga. App. 523 (851 SE2d 150) (2020).

[4] For additional discussion of the parties' intergovernmental agreement, see *City of Albany v. Dougherty County*, 352 Ga. App. 664, 665-667 (835 SE2d 681) (2019).

City, the County, and Gray, seeking damages stemming from a 2015 accident in which Gray struck Driskell's vehicle from behind.

The County moved for summary judgment, denying liability for the accident involving a City employee. In opposing the County's motion and moving for partial summary judgment, Driskell contended, inter alia, that the County had entered into an agreement with the City for the "joint" provision of code enforcement services and was therefore engaged in a joint enterprise with the City which could impose liability on the County for Gray's actions. Following a hearing, the trial court granted the County's motion for summary judgment and denied Driskell's cross-motion for partial summary judgment. In addition, the trial court denied the City's motion for summary judgment in which the City asserted that an indemnity provision in the parties' intergovernmental agreement was actually a limitation-of-liability clause and that its indemnity liability, if any, should be capped at $500,000. These appeals followed.

*Case No. A21A1279*

1. Driskell first asserts that the trial court erred in granting the County's motion for summary judgment because the City and the County were engaged in a joint

enterprise pursuant to their intergovernmental agreement and, therefore, the County could be jointly liable. We do not agree.

(a) Generally, Georgia law provides that "the theory of joint venturers arises where two or more parties combine their property or labor, or both, in a joint undertaking for profit, with rights of mutual control (provided the arrangement does not establish a partnership), so as to render all joint venturers liable for the negligence of the other." *Kissun v. Humana, Inc.*, 267 Ga. 419, 420 (479 SE2d 751) (1997). "*Without the element of mutual control, no joint venture can exist*." (Emphasis supplied.) *Rossi v. Oxley*, 269 Ga. 82, 83 (1) (495 SE2d 39) (1998). "For a joint venture to exist, there must be not only a joint interest in the purpose of the enterprise but also an equal right, express or implied, to direct and control the conduct of one another in the activity causing the injury. . . ." (Citation and punctuation omitted.) *Williams v. Chic-fil-A, Inc.*, 274 Ga. App. 169, 170 (617 SE2d 153) (2005). Importantly, "[t]he mere existence of a business interdependency does not create a joint venture." (Citation and punctuation omitted.) *Lafontaine v. Alexander*, 343 Ga. App. 672, 680 (6) (808 SE2d 50) (2017).

It is likewise true that the Georgia Constitution provides that government entities "may contract . . . with each other . . . for joint services, for the provision of

5

services, or for the joint or separate use of facilities or equipment[.]" Ga. Const. of 1983, Art. IX, Sec. III, Par. I (a); see also *Lafontaine*, 343 Ga. App. at 681 (6). However, no express provision of the Intergovernmental Contracts Clause of our Constitution negates the general requirement for mutual control in joint ventures between contracting government entities. See Ga. Const. of 1983, Art. IX, Sec. III, Par. I (a). Nor does there appear to be any authority from the Supreme Court of Georgia authorizing such a departure. What is left, then, is that there must be proof of mutual control to support a joint venture claim. See *Kissun*, 267 Ga. at 420.

In this case, after first defining how joint ventures arise under Georgia law, the trial court concluded that the record did not support "a finding [that] there exists a genuine issue of material fact over whether the County had or exercised mutual control over the City employee hired by the City to perform services in the unincorporated portions of Dougherty County pursuant to the [contract] in issue." In reaching its conclusion, the trial court found that

> Dougherty County had no right to and did not exercise any control over the day-to-day functions, duties and work of [the employee] even though she was only assigned to perform services in the unincorporated portions of the County. . . . The evidence in the record shows absolutely no evidence of mutual control, an essential element of any joint venture. . . .

6

In reaching its conclusion, the trial court factually distinguished two cases Driskell cited for the proposition that the element of mutual control does not apply to government entities — *DeKalb County v. Lenowitz*, 218 Ga. App. 884, 887 (1) (463 SE2d 539) (1995) and *City of Eatonton v. Few*, 189 Ga. App. 687, 690 (2) (377 SE2d 504) (1988) — because both cases involved ongoing nuisances. However, a close reading of our case law finds no support for the proposition that mutual control is not an essential element to establishing joint venture liability among government entities.

(b) This proposition appears to have its genesis in *Few*, in which our Court stated that "it is clear that a 'joint enterprise' may nevertheless be found to exist even though a profit motive *and mutual control* are otherwise lacking."[5] (Emphasis supplied.) 189 Ga. App. at 690 (2). In support of this statement, *Few* cited *Seckinger & Co. v. Foreman*, 252 Ga. 540, 541 (1) (314 SE2d 891) (1984). In *Seckinger*, our Supreme Court determined that "one partner in a joint venture may be liable for the worker's compensation benefits of the other joint venturer's employees." Id. at 541 (2).

---

[5] *Few* involved an intergovernmental contract between Putnam County and the City of Eatonton to operate a public swimming pool.

However, *Seckinger* does not stand for the proposition that mutual control is not required to show a joint venture between government entities, as it simply determined that the agreement at issue "was denominated a joint venture agreement and provided that it should be construed and deemed to be a joint venture" without any further analysis or discussion. Id. at 541 (1). Moreover, despite *Few*'s statement to the contrary, *Seckinger* did not consider whether the mutual control element of a joint venture was satisfied. Id. In fact, there is no mention of mutual control in *Seckinger* at all. Rather, *Seckinger* simply found that an agreement constituted a joint venture because the parties designated the agreement as a joint venture — or, stated succinctly, the agreement was a joint venture because the parties called it a joint venture. Importantly, *Seckinger* is a worker's compensation case that specifically noted that its result of holding one company liable for the benefits of a different company's employee was motivated by the beneficent purpose of the worker's compensation system — a then-prevailing purpose that has no equivalent in joint ventures.[6] Id. at 541 (2). Accordingly, *Seckinger* does not stand for a broad exception,

---

[6] *Seckinger* distinguished the cases of *State Dept. of Revenue v. McCray*, 101 Ga. App. 348 (114 SE2d 64) (1960) and *City of Brunswick v. Taylor*, 87 Ga. App. 751 (75 SE2d 203) (1953), finding inapplicable the principle that "where an employee has two employers, the employer having the right to control the employee is responsible for paying compensation benefits to that employee." 252 Ga. at 542 (2). The Supreme

applicable to government entities, to the requirement to show mutual control to support a joint venture claim, and *Few* was incorrect to rely on it to create such an exception.[7]

In the almost 40 years since it was decided, *Few*'s progeny have relied upon *Few* without any additional analysis or discussion and have incorrectly characterized contracts between government entities as an exception to the general rule that mutual control is required to demonstrate a joint venture. See *Ga. Dept. of Transp.* v. *Delor*, 351 Ga. App. 414, 423 (6) (830 SE2d 519) (2019); *Lafontaine*, 343 Ga. App. at 681

---

Court reasoned that *McCray* and *Taylor* were inapposite because those cases "involved governmental units, not a joint venture between private corporations." Id. Therefore, the Court seems to suggest that mutual control, at least in the very limited context of worker's compensation law, is *not* a requirement for private employers, but *is* a requirement for government employers. This reasoning further supports our conclusion that there is no exception, for contracting governmental entities, to the requirement to show mutual control in support of a joint venture claim. Compare *Ga. Dept. of Transp. v. Delor*, 351 Ga. App. 414, 423 (6) (830 SE2d 519) (2019) (characterizing two cases that "involved joint ventures between governmental bodies concerning jointly managed public works or services," and which did not require mutual control, as "exceptions to the rule" that "there must be not only a joint interest in the purpose of the enterprise but also an equal right, express or implied, to direct and control the conduct of one another in the activity causing the injury").

[7] In fact, three dissenters in *Few* argued that the record did not include any evidence of mutual control and that "since the material element of right of joint control was missing, there was no joint enterprise. . . ." 189 Ga. App. at 696 (b) (Sognier, J., dissenting).

(6); *Lenowitz*, 218 Ga. App. at 887 (1). For example, *Lenowitz* involved an intergovernmental agreement between the City of Atlanta and DeKalb County to provide sewer services in unincorporated DeKalb County. 218 Ga. App. at 885. When the sewer system leaked onto a residential landowner's property, the landowner sued the City and the County, with each claiming the other was responsible. Id. Based upon evidence that "the [C]ity and [C]ounty jointly own[ed] parts of the sewer system, that the [C]ity control[led] some of these parts, and that the [C]ounty control[led] others[,]" this Court cited *Few* without discussion and determined that a joint enterprise existed between the City and the County which could impose liability on the County for a sewage leak coming from a portion of the system exclusively controlled by the City. Id. at 887 (1).

In *Lafontaine*, this Court reversed the denial of a motion for summary judgment filed by a defendant due to the plaintiffs' failure to supply evidence of mutual control and, therefore, a joint venture, in a case involving private entities. 343 Ga. App. at 673. However, in reviewing the cases cited by the plaintiffs "for the proposition that the rule that a joint venture does not require an undertaking for profit and with mutual control[,]" we again acknowledged *Few* as creating an exception, only for contracting government entities, to the rule requiring proof of mutual control. Id. at 681 (6).

10

Finally, in *Delor*, we referenced *Few* and *Lenowitz* "for the proposition that a joint venture does not require an undertaking for profit and with mutual control" when governmental entities are involved. 351 Ga. App. at 423 (6). Once again, without discussion, we simply noted that these cases represent "exceptions to the rule" that "[w]ithout the element of mutual control, no joint venture can exist." (Citations and punctuation omitted.) Id.

(c) Having concluded that *Few* was wrongly decided, we next determine that the doctrine of stare decisis does not compel us to perpetuate *Few*'s erroneous reliance upon *Seckinger*. "Stare decisis is an important principle that promotes the rule of law[.] . . . In considering whether to reexamine a prior erroneous holding, we must balance the importance of having the question decided against the importance of having it decided right." (Citation, punctuation, and emphasis omitted.) *Harrison v. McAfee*, 338 Ga. App. 393, 400-401 (2) (c) (788 SE2d 872) (2016). "Factors to consider include (1) the age of the precedent, (2) the reliance interests at stake, (3) the workability of the decision, and, most importantly, (4) the soundness of its reasoning." Id. at 401 (2) (c).

First, *Few* is now almost 40 years old. Second, we note that, during the almost 40 years since it was decided, only four reported cases have cited *Few* for the specific

11

proposition that mutual control need not be shown to establish a joint venture claim.

See *Delor*, 351 Ga. App. at 423 (6); *Lafontaine*, 343 Ga. App. at 681 (6); *Williams*, 274 Ga. App. at 171, n. 2 (cited in parenthetical only); *Lenowitz*, 218 Ga. App. at 887 (1). But in three of those cases, this Court merely acknowledged, without relying upon, *Few*'s misstatement, characterizing it as an exception to the general rule. See *Delor*, 351 Ga. App. at 423 (6); *Williams*, 274 Ga. App. at 171, n. 2; *Lafontaine*, 343 Ga. App. at 681 (6). Therefore, only one reported case in almost 40 years has relied upon *Few*'s misstatement, suggesting that the misstatement is not so venerable as to be unquestioningly maintained.[8] See *Lenowitz*, 218 Ga. App. at 887 (1). Third, correcting *Few*'s misstatement is sound given *Few's* lack of workability. Without any analysis, and with no express constitutional provision, statutory basis, or Supreme Court precedent authorizing the creation of an exception for governmental entities, *Few* disregarded the general rule that mutual control is necessary to impose joint venture liability and created an exception which inexplicably placed government entities on different footing from private litigants in a way which subjected them to

---

[8] See also *Woda Cooper Dev. v. City of Warner Robins*, 2021 U. S. Dist. LEXIS 52767, *21 (III) (A), n. 6, 2021 WL 1093630 (M.D. Ga. March 22, 2021) (finding that "the holding in *Few* is narrow and limited to instances where the Georgia Constitution authorizes a joint agreement such that a joint venture is obvious").

12

greater liability exposure.[9] And fourth, we have already outlined the deficiency with *Few*'s reliance upon *Seckinger*.

In short, *Seckinger* does not stand for the proposition that mutual control is not an element of a joint venture claim against contracting government entities, and *Few* erred in stating otherwise. Moreover, *Few*'s progeny have incorrectly recognized an exception to the general rule that mutual control must be shown. Absent any contrary express provision of the Georgia Constitution, statutory mandate, or authority from the Supreme Court, however, we hold that mutual control is a required element of a joint venture claim involving contracting government entities. Therefore, we disapprove *Few* to the extent it can be read to carve out an exception to the general rule that proof of mutual control is required to pursue a joint venture claim. 189 Ga. App. at 690 (2). We further disapprove language in the following cases that relied on

---

[9] Indeed, as the trial court aptly noted,

[e]liminating the requirement of mutual control is inconsistent with Georgia's policy of basing liability on one's degree of fault as is required by our apportionment statute. Furthermore, eliminating any requirement that there be evidence of mutual control for there to be liability based on a joint venture would make all government entities vicariously liable for each other's governmental employees over whom they have no control and no right to direct.

*Few* to recognize an exception to the general rule, thus perpetuating *Few*'s erroneous interpretation of *Seckinger*: *Delor*, 351 Ga. App. at 423 (6); *Lafontaine*, 343 Ga. App. at 681 (6); *Lenowitz*, 218 Ga. App. at 887 (1).

(d) Against this backdrop, the trial court properly applied the general principle of joint ventures and correctly concluded that the record fails to show mutual control of the employee at issue by the City and the County. The record does not indicate that the County even had the right to control Gray's activities. When reviewing the record in the light most favorable to Driskell as the nonmovant, the undisputed evidence reveals that although the County provided a truck for Gray's use, the County did not control her day-to-day activities or provide her with direction on how to perform her work. Similarly, County officials provided uncontroverted testimony that they had no supervisory authority over Gray or her immediate supervisor. Accordingly, we affirm the trial court's order granting the County's motion for summary judgment and denying Driskell's motion for partial summary judgment.[10]

---

[10] Driskell's arguments, including pointing to facts that the County controlled Gray's activities through the passage of zoning legislation, that Gray's position was funded by the County, and that the County provided Gray's truck, are immaterial in view of direct testimony that no County official had the right to exercise control over Gray's activities.

14

2. Regardless of whether we need to consider Driskell's remaining arguments in view of our holding in Division 1, see, e.g., *Banks v. Brotherhood Mut. Ins. Co.*, 301 Ga. App. 101, 104 (2) (686 SE2d 872) (2009) ("A grant of summary judgment must be affirmed if right for any reason. It is the grant itself that is to be reviewed for error, and not the analysis employed.") (citation and punctuation omitted), the absence of evidence of control over Gray by the County necessarily precludes Driskell's alternative arguments for recovery based upon agency and the borrowed servant doctrine. See, e.g., *Healthcare Staffing, Inc. v. Edwards*, 360 Ga. App. 131, 133 (1) (860 SE2d 874) (2021) ("The 'borrowed servant' rule is an exception to the doctrine of respondeat superior. If a master lends his servants to another, then the master is not responsible for any negligence of the servant committed within the scope of his employment by the other. In order for an employee to be a borrowed employee, the evidence must show that (1) the special master had complete control and direction of the servant for the occasion; (2) the general master had no such control; and (3) the special master had the exclusive right to discharge the servant.") (citation and punctuation omitted); *Satisfaction & Svc. Housing v. Southtrust Bank*, 283 Ga. App. 711, 713 (642 SE2d 364) (2007) ("To prove actual agency, the purported principal must have assumed the right to control the method, manner, and

15

time of the purported agent's work, as distinguished from the right merely to require certain definite results in conformity to the contract. The right to control the purported agent's time means the right to control the hours of work. The right to control the method and manner of work means the right to tell the purported agent how to perform all details of the job, including the tools he should use and the procedures he should follow.") (citations and punctuation omitted). Therefore, we affirm the trial court's order granting the County's motion for summary judgment on those bases as well.

*Case No. A21A1280*

3. In its related appeal, the City argues that the trial court erred in denying its motion for summary judgment because an exculpatory clause in the parties' intergovernmental agreement lacks "various hallmarks" of an indemnity clause.[11] The City also claims that its "potential indemnity liability" should be capped at $500,000, even though the trial court did not address this argument. Because we affirm the trial court's grant of summary judgment to Dougherty County in Case No. A21A1279, the City's appeal challenging the trial court's order denying its motion for summary

---

[11] This is the second appearance of this issue in this Court. See *City of Albany*, 352 Ga. App. at 668 (2).

judgment is rendered moot. Therefore, we dismiss the appeal in Case No. A21A1280 as moot. See, e.g., *Estes v. G&W Carriers*, 354 Ga. App. 156, 159 (2) (840 SE2d 486) (2020).

*Judgment affirmed in Case No. A21A1279. Appeal dismissed as moot in Case No. A21A1280. Miller, P. J., and Pipkin, J., concur.*